J. Eli Wade-Scott (*pro hac vice*) (ARDC 6316974)
ewadescott@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff Edelson PC*

[Additional counsel appear on the signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDELSON PC, <br><br> *Plaintiff,* <br><br> *v.* <br><br> DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL, LLC, a California limited liability company, CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH DINARDO, an individual, and CALIFORNIA ATTORNEY LENDING II, INC., a New York corporation, <br><br> *Defendants.* | Case No. 2:22-cv-08787-JFW (MAAx) <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Scheduling Conference Date/Time: February 13, 2023 at 1:15 pm |

Plaintiff Edelson PC and Defendants David Lira, Keith Griffin, Erika Girardi, EJ Global, LLC, Christopher Kamon, George Hatcher, Wrongful Death Consultants, Joseph DiNardo, and California Attorney Lending II ("the Parties") submit this JOINT CASE MANAGEMENT STATEMENT pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and Judge Walter's Minute Order at dkt. 159. The Parties made every effort to comply with the Court's 10-page limit for this report, but the complexity of the case and the number of legal questions at issue made compliance impracticable.

## 1.  Fifth Amendment and Forthcoming Motions to Stay

Defendant Christopher Kamon is presently facing criminal prosecution in *United States v. Christopher Kamon*, No. 2:23-cr-00024-JLS (C.D. Cal.). By participating in this joint report, Christopher Kamon does not intend to, and does not, waive any privileges in this or any other proceeding, including but not limited to the privilege against self-incrimination guaranteed to him by the Fifth Amendment to the United States Constitution, Article I Section 15 of the California Constitution, and California Evidence Code section 940. Defendant reserves the right to assert any such applicable privileges in this or other proceedings.

Proceeding with this case would force Mr. Kamon to choose between setting aside his Fifth Amendment rights, on the one hand, or invoking those rights, but then suffering the adverse evidentiary inferences that accompany such silence in civil litigation. Also, discovery in this case could turn into an unfair, unbalanced affair if

Mr. Kamon invokes his Fifth Amendment rights—i.e., Mr. Kamon would be entitled to take affirmative civil discovery but likely required to stand silent when Plaintiff seeks answers about his conduct in order to preserve his Fifth Amendment rights. Accordingly, to serve the interest of justice, Christopher Kamon anticipates that he will file a motion to stay this civil case until the resolution of the criminal matter. Defendants Hatcher and Wrongful Death Consultants join Kamon in this statement of non-waiver of privileges via participation in this Joint Report.

Defendant David Lira filed a motion to stay in the *Edelson PC v. Girardi et al., No. 20-cv-7115 (N.D. Ill.)* matter on January 5, 2023. Mr. Lira's motion to stay was granted on January 9, 2023 until February 13, 2023, pending a hearing on February 13, 2023 to extend the stay. Mr. Lira anticipates that he will file a motion to stay this civil case in light of an imminent indictment which involves the identical subject matter in this action, namely the actions of Mr. Lira in connection with the *Lion Air* matter.

## 2. **Jurisdiction & Service**

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the jurisdictional amount exceeds $75,000 and Plaintiff Edelson PC does not share a state of citizenship with any Defendant. This Court also has jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under RICO, 18 U.S.C. § 1961, *et seq.* There are no existing issues regarding personal jurisdiction or venue. All parties have been served.

### 3. <u>Facts</u>

Defendants are individuals and corporations that were involved with or transacted business with Thomas Girardi and his law firm, Girardi Keese. (Compl. 1 ¶¶ 25-33.) Girardi Keese and Plaintiff Edelson PC represented families of victims killed in the 2018 Lion Air Flight 610 plane crash in wrongful death actions against Boeing. *In re Lion Air Flight JT 610 Crash*, No. 18-cv-07686 (N.D. Ill.). When those cases resolved for substantial monetary settlements for the families, Boeing wired the funds meant for the families into the Girardi Keese client trust account—but significant amounts of those settlements were allegedly stolen from the trust account. Edelson alleges that it brought this theft to light via suit and in parallel contempt proceedings in the *Lion Air* case, which allegedly prompted the collapse of the firm and the individual bankruptcy of Tom Girardi. That revealed, Plaintiff alleges, a decades-long criminal enterprise at Girardi Keese that operated much like a Ponzi scheme, in which the firm would steal money from clients, vendors, and co-counsel in order to pay those it had stolen from.

Plaintiff alleges that the *Lion Air* families have assigned their claims to Edelson, and Edelson is pursuing a variety of claims arising from the alleged theft against Defendants David Lira, Keith Griffin, Erika Girardi, EJ Global, LLC, Christopher Kamon, George Hatcher, Wrongful Death Consultants, Joseph DiNardo, and CAL II.

For clarity, anywhere that "allege" has been inserted above was added by

Defendants—in Plaintiff's view, these are not facts actually in dispute. Plaintiff has been unable to confirm whether Defendants believe these facts are in dispute.

Defendants position is that Plaintiff's claim is a subrogation matter dressed up as a "Civil RICO" action.

## 4. Legal Issues

### A. First and Second Causes of Action: Racketeering, 18 U.S.C. § 1962(c) and (d)

As to the First Cause of Action for Racketeering, the primary legal question in dispute will be whether Defendants Lira, Griffin, Kamon, and Hatcher operated a criminal enterprise to steal Girardi Keese client money to pay themselves and former clients; specifically, whether they engaged in (1) conduct, (2) of the Girardi Family Enterprise, (3) through a pattern, (4) of racketeering activity (otherwise known as "predicate acts"), (5) causing injury to the *Lion Air* Clients' property.[1] *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

For Conspiracy to Commit Racketeering, one disputed point of law is whether Defendants Lira, Griffin, Kamon, Hatcher, Wrongful Death Consultants, EJ Global, and Erika Girardi agreed that someone would commit a substantive RICO violation. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774-75 (9th Cir. 2002).

---

[1] Case citations herein are submitted for purposes of this Joint Case Management Statement only, have not be reviewed by all parties or counsel, and are not binding for the purposes of estoppel or "law of the case" merely because any attorney has signed this document.

**B. Third Cause of Action: Receipt of Stolen Property, Cal. Penal Code § 496(c)**

The primary disputed points of law are expected to be whether (1) the *Lion Air* Clients' settlement money was stolen or obtained in a manner constituting theft, (2) Defendants Griffin, Lira, Kamon, Hatcher, Wrongful Death Consultants, Erika Girardi, and EJ Global knew the money was so stolen or obtained, and (3) the Defendants received or had possession of the allegedly stolen money. *Allure Labs, Inc. v. Markushevska*, 606 B.R. 51, 64 (N.D. Cal. 2019).

**C. Fourth Cause of Action: Aiding and Abetting Concealment of Stolen Property, Cal. Penal Code § 496(c)**

The primary disputed points of law will be whether Defendants Griffin, Lira, Kamon, Hatcher, and Wrongful Death Consultants (1) took affirmative actions— including aiding, counseling, commanding, inducing, or procuring—in furtherance of concealing stolen client settlement money in violation of § 496(a) and (c), (2) with the intent to facilitate the concealment. *Rosemond v. United States*, 572 U.S. 65, 71 (2014) (laying out federal test for aiding and abetting); *People v. Grant*, 113 Cal. App. 4th 579, 595 (2003) (defining concealment of stolen property).

**D. Fifth Cause of Action: Money Had and Received**

The primary disputed points of law will be whether (1) Plaintiff's claim is timely; (2) the money received by CAL II and allegedly received by DiNardo from CAL II belonged to the *Lion Air* Clients; and (3) "in equity and good conscience" that money should be paid to Plaintiff, as assignee of the *Lion Air* Clients' claims. *Avidor*

*v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439, 1454 (2013); *Am. Sur. Co. v. Bank of California*, 133 F.2d 160, 164-65 (9th Cir. 1943); *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267 (C.D. Cal 2015).

### E. Sixth Cause of Action: Conversion

The primary disputed points of law will be whether (1) the Plaintiff's assignors were entitled to ownership or possession of the settlement money at the time of the conversion; (2) the Defendants Kamon, Griffin, Lira, Hatcher, and Wrongful Death Consultants assumed "control or ownership over" the settlement money or "applied the [money] to his own use" by a wrongful act or disposition of property rights; and (3) Plaintiff's assignors suffered damages as a result. *Graham-Sult v. Clainos*, 756 F.3d 724, 749-50 (9th Cir. 2014) (applying California law).

### F. Seventh Cause of Action: Unlawful and Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 *et seq*.

The primary disputed points of law will be whether the loan agreements between Girardi Keese (and in Plaintiff's view, David Lira) on the one hand and CAL II, on the other, which is neither an attorney nor a law firm, constitute fee sharing agreements that violate the law and are actionable under Cal. Bus. & Prof. Code § 17200 *et seq*. *Rose v. Bank of Am., N.A.*, 57 Cal. 4th 390, 396 (2013).

### G. Eighth Cause of Action: Violations of the Consumer Legal Remedies Act, Cal. Bus. & Prof. Code § 1780

The primary disputed points of law will be whether the Consumer Legal Remedies Act ("CLRA") is applicable to a commercial loan transaction between a law

firm and a lender, and whether Girardi Keese (and in Plaintiff's view, Defendants Lira and Griffin) on the one hand and CAL II, on the other, arranged to pay CAL II in a manner prohibited by law that resulted in damage to the *Lion Air* Clients. Cal. Bus. & Prof. Code § 1770(a)(14); *Gutierrez v. Carmax Auto Superstores California*, 19 Cal. App. 5th 1234, 1263 (2018), *as modified on denial of reh'g* (Feb. 22, 2018); *Consumer Sols. Reo, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1015-17 (N.D. Cal. 2009).

**H. Ninth Cause of Action: Deceit**

The primary disputed points of law are whether Defendants Griffin and Lira (1) made misrepresentations, through both false representation and concealment, to the *Lion Air* Clients with respect to their settlement money; (2) knew that their statements were false; (3) intended to deceive the Clients and to induce their reliance; (4) the Clients justifiably relied on their misrepresentation; and (5) the Clients were damaged as a result. *Bower v. AT&T Mobility, LLC*, 196 Cal. App. 4th 1545, 1557 (2011).

**I.   Tenth Cause of Action: Deceit**

The primary disputed points of law are whether Defendant Griffin, by engaging Mohamed Eltaher to induce the *Lion Air* Clients into signing retainer agreements with Girardi Keese, (1) made misrepresentations, through both false representation and concealment, to the *Lion Air* Clients that he would provide legal representation consistent with the accepted standards of legal representation in the United States; (2) knew that his statements were false; (3) intended to deceive the *Lion Air* Clients and

to induce their reliance; (4) the *Lion Air* Clients justifiably relied on his

misrepresentation; and (5) the *Lion Air* Clients were damaged as a result. *Id*.

### J.  Disputed Point of Law as to All Causes of Action

A disputed point of law will be whether Plaintiff may enforce the *Lion Air*

Clients' claims as an assignee as to these causes of action.

## 5.  Motions

The Parties submitted the status of motions in the case on December 15, 2022,

at dkt. 146, and incorporates them by reference here. The Court denied without

prejudice previously-filed motions to dismiss at dkt. 123. Since December 15, 2022,

counsel for a number of the Parties have submitted *pro hac vice* motions, which the

Court has granted. The Parties submitted a joint stipulation extending time to answer

the complaint for Kamon at dkt. 126; granted at dkt. 129. The Parties also submitted a

joint stipulation to exceed page limitations in Plaintiff's consolidated opposition to

Defendants' motions to dismiss at dkt. 172, which the Court granted at dkt. 173.

On January 23, 2023, several Defendants filed Motions to Dismiss pursuant to

Fed. R. of Civ. Proc. 12(b)(6) and (7) (dkts. 161, 163, 166, and 167). Defendant

Hatcher filed a Claw Back motion. (Dkt. 168). Defendants further anticipate that at

least some of the Defendants will file a motion to stay the case.

## 6. Amendment of Pleadings

Plaintiff proposes November 17, 2023—one month before the close of

discovery—as the deadline for amendment of the pleadings.

**7.** __Disclosures__

Plaintiff served its initial disclosures on October 11, 2022. Defendants have not served their initial disclosures and, though aware of the Court's preference for an early start to active discovery, Defendants request that discovery be stayed given the likelihood that issues and perhaps the number of parties will be narrowed or eliminated by recently filed motions to dismiss and impending motions to stay the case.

**8.** __Discovery__

Plaintiff served all Defendants with its first sets of requests for production on January 17, 2023. Plaintiff served Defendants Lira, Griffin, Kamon, Hatcher, Wrongful Death Consultants, DiNardo, and CAL II with its first sets of interrogatories on January 17, 2023. Plaintiff believes that discovery will focus on each Defendant's alleged knowledge and actions in furtherance of the conspiracy by which Girardi Keese allegedly stole client settlement money, their alleged receipt of stolen property, and alleged deceit. Discovery will be comprised of interrogatories, document requests, and depositions of each Defendant and a number of former attorneys and consultants employed by Girardi Keese. Plaintiff anticipates expert discovery including at least a forensic accounting expert.

Plaintiff's Proposed Discovery Plan:

| Event | Proposed Deadlines |
|---|---|
| *Fact discovery cutoff* | August 21, 2023 |
| *Deadline for opening expert reports* | September 20, 2023 |
| *Deadline for opposition expert reports* | October 20, 2023 |
| *Deadline for reply expert reports* | November 3, 2023 |
| *Expert discovery cutoff* | December 18, 2023 |

Defendants object to such early deadlines and assert that discovery would be premature at this time because of (1) the pending dispositive motions, (2) multiple defendants invoking the 5th Amendment privilege, and (3) impending motions to stay the case.

As indicated above, on page 2, Christopher Kamon anticipates that he will file a motion to stay this civil case until the resolution of the criminal matter and, as such, does not join in with Plaintiff with respect to the proposed discovery deadlines above.

Defendant Lira anticipates that he will file a motion to stay this civil case pending an imminent indictment and, as such, does not join in with Plaintiff with respect to the proposed discovery deadlines above.

**9.  Related Cases**

CAL II and DiNardo believe that *Miller v. Counsel Financial Services, LLC, et al.*, No. 2:22-ap-01169-BR (Bankr. C.D. Cal.), an adversary proceeding filed against CAL II, DiNardo, and other Defendants in *In re Girardi Keese*, No. 2:20-bk-21022-BR (Bankr. C.D. Cal.) is a related action. (Dkt. 39.) Defendants Hatcher, Wrongful Death Consultants, Griffin, and Lira believe that the adversary proceedings in *In re Girardi Keese* **and** the *Edelson PC v. Girardi et al.*, No. 20-cv-7115 (N.D. Ill.) cases are related cases. Defendant Lira believes that *In re Thomas Vincent Girardi,* No. 2:20-bk-21020-BR (Bankr. C.D. Cal.) is a related action. Plaintiff does not agree. (*See* Dkt. 76.) Plaintiff anticipates coordinating discovery with *Edelson PC v. Girardi* and *In re Girardi Keese*, to the extent practicable. A motion to stay filed by Defendant Lira was granted in *Edelson PC v. Girardi* on January 9, 2023 until February 13, 2023. A hearing date is set for February 13, 2023, to determine if the stay will be extended.

**10.  Relief**

Plaintiff seeks an Order (or Orders) for: (a) an award of actual damages as set forth in Plaintiff's under-seal complaint; (b) an award of treble damages as permitted or required by law, as set forth in Plaintiff's under-seal complaint; (c) an award of restitution for Defendants' alleged wrongful conduct; (d) an award of reasonable attorneys' fees and costs; (e) an award of punitive or exemplary damages as set forth in Plaintiff's under-seal complaint; (f) an award of interest; (g) the creation of a

constructive trust; and (h) such other and further relief that the Court deems reasonable and just.

**11. Disclosure of Interested Parties or Persons**

Plaintiff filed the "Certification of Interested Entities or Persons" required by Northern District of California Civil Local Rule 3-15. (Dkt. 34.) The following persons or entities have a financial interest in the subject matter in controversy: Bias Ramadhan A.S. Bin Misyadi; Guntur Idil Akbar Bin Misyadi; Dzikri Agung Haryadi; Hana Kamila Chairunnisa Binti Misyadi; Dian Daniaty Binti Uidn Zaenudin and her minor child M.N; Anice Kasim, and her minor children T.A.S. and S.C.S; Zahra Amanda; Elza Warti; Multi Rizki; Westhi Ramadina; Mugni Rifki; Muhammad Nur Fuadi; M. Nuran Tk. Mudo; Septiana Damayanti, and her minor children N.I.R. and A.M.Q; Hudson Property & Casualty; Wisner Law Firm.

The following entities have a non-financial interest that could be substantially affected by the outcome of this proceeding because issues that may be the subject of testimony in this matter have been referred to them for investigation and potential prosecution: United States of America; State Bar of California.

Defendant CAL II's "Certification as to Interested Parties or Persons" was filed as required by Northern District of California Civil Local Rule 3-15. (Dkt. 38.) That filing identified California Attorney Lending Holdings, LLC, as having an indirect financial interest in the subject matter in controversy, by virtue of its 100% ownership of Defendant CAL II.

Defendant Lira filed the "Certification as to Interested Parties or Persons" pursuant to Local Rule 7.1-1, in which Thomas V. Girardi and Girardi Keese were identified as interested parties. (Dkt. 136.)

Defendants Hatcher and Wrongful Death Consultants (dkt. 160), and Kamon (dkt. 158), and DiNardo (dkt. 174) filed the "Certification as to Interested Parties or Persons" in which only the existing parties to this action were identified as interested parties. Hatcher and Wrongful Death Consultants do, however, agree with Defendant Lira that Thomas V. Girardi and Girardi Keese likely fall within the definition of "interested parties."

**12. <u>Scheduling and Dispositive Motions</u>**

The Parties anticipate filing summary judgment motions after discovery cutoff.

| Event | Proposed Deadlines |
|---|---|
| *Fact discovery cutoff* | August 21, 2023 |
| *Expert discovery cutoff* | December 18, 2023 |
| *Dispositive Motion Deadline* | January 17, 2024 |
| *Hearing on Dispositive Motions* | February 26, 2024 |
| *Final Pretrial Conference* | To be scheduled after dispositive motion ruling, or April 1, 2024. |
| *Jury Trial* | To be scheduled after dispositive motion ruling, or April 8, 2024. |

13

Defendants assert that Plaintiff's proposed deadlines are premature at this time because of (1) the pending dispositive motions, (2) multiple defendants invoking the 5th Amendment privilege, and (3) impending motions to stay the case.

As indicated above, on page 2, Christopher Kamon anticipates that he will file a motion to stay this civil case until the resolution of the criminal matter and, as such, does not join in with Plaintiff with respect to the proposed deadlines above.

Defendant Lira anticipates that he will file a motion to stay this civil case pending an imminent indictment and, as such, does not join in with Plaintiff with respect to the proposed discovery deadlines above.

**13. <u>Trial</u>**

Plaintiff has requested a trial by jury of all matters that can be so tried. The Parties expect trial to take 15-20 days.

**14. <u>Settlement and ADR</u>**

Plaintiff has engaged in separate settlement discussions with certain defendants, but the Parties have not engaged in a formal process. The Parties discussed ADR procedures under Local Rule 16-15.4 and have agreed to ADR Procedure 1: the Parties shall appear before the magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct.

**15. <u>Complex Litigation</u>**

The Parties agree that this case is not complex under the Manual For Complex Litigation and, as such, the procedures in the Manual do not apply.

**16.  Unusual Legal Issues**

Some Defendants have asserted and/or will be asserting the 5th Amendment to the United States Constitution in response to discovery responses at least until pending investigations by United States law enforcement agencies have concluded. Additionally, it is anticipated that motions to stay the case will be filed based in part on the abstention doctrine and related doctrines due to the 5th Amendment privilege and existing legal actions regarding the same subject matter as this case.

**17.  Severance, Bifurcation, and Ordering of Proof**

The Parties currently do not have any relevant proposals.

**18.  Additional Parties**

Plaintiff is unaware of any additional parties that are likely to appear in this action. Thomas Girardi and Girardi Keese are undergoing bankruptcy proceedings and are subject to an automatic stay under 11 U.S.C. § 362(a). *See* *In re Girardi Keese,* *No. 2:20-bk-21022-BR (Bankr. C.D. Cal.).* Though Plaintiff contends they are not necessary or indispensable parties, Thomas Girardi and Girardi Keese may be joined if the automatic stays are lifted. Defendants argue that compulsory joinder may be applicable.

**19.  ECF User Confirmation**

Lead Trial Counsel confirm that they are registered as ECF Users and have filed declarations pursuant to this Court's Standing Order

Respectfully Submitted,

**EDELSON PC**

Dated: February 1, 2023

/s/ J. Eli Wade-Scott
*One of Plaintiff's Attorneys*

Jay Edelson (*pro hac vice*)
jedelson@edelson.com
J. Eli Wade-Scott (*pro hac vice*)
ewadescott@edelson.com
Alexander G. Tievsky (*pro hac vice*)
atievsky@edelson.com
Hannah Hilligoss (*pro hac vice*)
hhilligoss@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Daniel "Sparky" Abraham (SBN – 299193)
sparky@jubilee.legal
JUBILEE LEGAL
300 E Esplanade Dr., Ste 900
Oxnard, CA 93036
Tel: 805.946.0386
Fax: 805.620.7834

*Attorneys for Plaintiff*

Dated: February 1, 2023

By: /s/ Rachel Marilyn Lannen

Rachel Marilyn Lannen
rlannen@elllaw.com
ENGSTROM, LIPSCOMB & LACK
10100 N Santa Monica Boulevard, 12th Floor
Los Angeles, CA 90067
(310) 552−3800

*Attorney for David Lira*

Dated: February 1, 2023                    By: /s/ Ryan Donald Saba

Ryan Donald Saba
rsaba@rosensaba.com
ROSEN SABA, LLP
2301 Rosecrans Avenue, Suite 3180
El Segundo, CA 90245
(310) 285−1727
Fax: (310) 285−1728

*Attorney for Keith Griffin*

Dated: February 1, 2023                    By: /s/ Evan Christopher Borges

Evan Christopher Borges
eborges@ggtriallaw.com
Amir Shakoorian
ashakoorian@ggtriallaw.com
David Shackelford
dshackelford@ggtriallaw.com
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
(949) 383−2800
Fax: (949) 383−2801

*Attorneys for Erika Girardi and EJ Global, LLC*

Dated: February 1, 2023                    By: /s/ Brodie Smith

Anthony Lanza
tony@lanzasmith.com
Brodie Smith
brodie@lanzasmith.com
LANZA & SMITH, PLC
3 Park Plaza, Ste. 1650

Irvine, CA 92614
949−221−0490

*Attorneys for George Hatcher and
Wrongful Death Consultants*

Dated: February 1, 2023                By: /s/ Richard M. Scherer, Jr.

Jeff Wiley Poole
jpoole@hamricklaw.com
HAMRICK & EVANS LLP
2600 West Olive Avenue, Suite 1020
Burbank, CA 91505
(818) 763−5292
Fax: (818) 763−2308

Richard M. Scherer, Jr.
rscherer@lippes.com
LIPPES MATHIAS WEXLER FRIEDMAN
LLP
50 Fountain Plaza, Suite 1700
Bufalo, NY 14202
(716) 853−5100

*Attorneys for Joseph DiNardo*

Dated: February 1, 2023                By: /s/ William E. Brueckner

William E. Brueckner
wbrueckner@woodsoviatt.com
William F. Savino
wsavino@woodsoviatt.com
WOODS OVIATT GILMAN LLP
1900 Main Place Tower
350 Main Street
Buffalo, NY 14202
(716) 248−3210

Sean Eric Ponist
sponist@ponistlaw.com

1

2

3

4

5

6

7

8   Dated: February 1, 2023

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PONIST LAW GROUP, P.C.
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691
(415) 798 - 2222
Fax: (888) 350−5442


*Attorneys for California Attorney*
*Lending II, Inc.*

By: /s/ Steven D. Park

Steven D. Park (SBN 215219)
spark@parklawless.com
Vincent Tremonti (SBN 301571)
vtremonti@parklawless.com
PARK LAWLESS & TREMONTI LLP
555 West Fifth Street, 35th Floor
Los Angeles, CA 90013
Telephone: (213) 640-3770
Facsimile: (213) 640-3015

Damian J. Martinez (SBN 200159)
damian.martinez@aalrr.com
ATKINSON, ANDELSON, LOYA, RUUD &
ROMO
201 S Lake Avenue, Suite 300
Pasadena, CA 91101-4811
Telephone: (626) 583-8600
Facsimile: (626) 583-8610

*Attorneys for Christopher Kamon*

## **FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), I, J. Eli Wade-Scott, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 1, 2023                    /s/ J. Eli Wade-Scott