Richard M. Scherer, Jr., Esq. (*pro hac vice*)
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: (716) 853-5100
Facsimile: (716) 853-5199
Email: rscherer@lippes.com

Jeff W. Poole, Esq. (SBN 291783)
HAMRICK & EVANS, LLP
2600 West Olive Avenue, Suite 1020
Burbank, California 91505
Telephone: (818) 763-5292
Facsimile: (818) 763-2308
Email: jpoole@hamricklaw.com

*Attorneys for Defendant Joseph DiNardo*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDELSON PC, an Illinois Professional Corporation,<br><br>Plaintiff,<br>v.<br><br>DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JANE, an individual, EJ GLOBAL LLC, a California limited liability company, CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH DINARDO, an individual, CALIFORNIA ATTORNEY LENDING, II, INC., a New York corporation,<br><br>Defendants. | Case No.: CV 22-8787-JFK (MAA)<br>(Before the Hon. John F. Walter)<br><br>**DEFENDANT JOSEPH DINARDO'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION TO DISMISS**<br><br>Complaint Filed: July 6, 2022<br>Motion Date: February 27, 2023<br>Time: 1:30 p.m.<br>Location: Courtroom 7A |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ..................................... - 1 -

PRELIMINARY STATEMENT ........................................................................ - 1 -

LEGAL ARGUMENT ........................................................................................ - 3 -

I. Plaintiff Fails to Address DiNardo's Argument that Plaintiff's Money Had and Received Claim Impermissible Attempts to Pierce the Corporate Veil of California Attorney Lending, II, Inc. ........................................................ - 3 -

II. Plaintiff Has Not Alleged Any Fraudulent Conduct ................................. - 6 -

III. Money Had and Received is Not a Standalone Cause of Action ............... - 9 -

IV. Plaintiff Stepped Into The Shoes Of The Lion Air Clients And Has No Claim For Recovery ................................................................................. - 10 -

CONCLUSION ................................................................................................. - 10 -

# TABLE OF AUTHORITIES

**Cases**

*B&L Prods., Inc. v. Newsom*,
    2022 WL 3567064 (S.D. Cal. Aug. 18, 2022) ........................................................... 5

*Bank of Am. Corp. v. Superior Court*,
    198 Cal. App. 4th 862 (2011) ................................................................................... 8

*Behnke v. State Farm Gen. Ins. Co.*,
    196 Cal. App. 4th 1443 (2011) ................................................................................. 7

*Crosbie v. Endeavors Techs., Inc.*,
    2009 WL 3464135 (C.D. Cal. Oct. 22, 2009) ........................................................... 9

*Ebeid ex rel. U.S. v. Lungwitz*,
    616 F.3d 993 (9th Cir. 2010) ................................................................................... 7

*Edelson PC v. Lira, et al.*,
    Case No. 3:22-cv-03977-SK ................................................................................... 2

*EED Holdings v. Palmer Johnson Acquisition Corp.*,
    228 F.R.D. 508 (S.D.N.Y. 2005) ............................................................................. 4

*Grant v. Aurora Loan Servs., Inc.*,
    736 F. Supp. 2d 1257 (C.D. Cal. 2010) ................................................................... 7

*Innovus Prime, LLC v. Panasonic Corp.*,
    2013 WL 3354390 (N.D. Cal. July 2, 2013) ......................................................... 10

*Kumar v. Ally Fin. Inc.*,
    2022 WL 16962283 (C.D. Cal. Oct. 17, 2022) ....................................................... 5

*Long v. Walt Disney Co.*,
    116 Cal. App. 4th 868 (2004) ................................................................................. 8

*Lunn v. City of Los Angeles*,
    2022 WL 4357436 (C.D. Cal. Sept. 20, 2022) ....................................................... 5

*Port Chester Elec. Const. Co. v. Atlas*,
   40 N.Y.2d 652 (1976) ................................................................................................ 4

*Ringler Ins. Agency v. Atlas Settlement Grp., Inc.*,
   2010 WL 11596114 (C.D. Cal. May 3, 2010) ............................................................ 6

*Rotskoff v. Cooley*,
   2008 WL 11342739 (C.D. Cal. Apr. 21, 2008) .......................................................... 6

*Shantou Real Lingerie Mfg. Co. v. Native Grp. Int'l, Ltd.*,
   401 F. Supp. 3d 433 (S.D.N.Y. 2018) ....................................................................... 4

*Silva v. U.S. Bancorp*,
   2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) .............................................................. 5

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ................................................................................... 7

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................................................... 7

**Rules**
Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 1
Fed. R. Civ. P. 9(b) .............................................................................................................. 7

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Joe DiNardo ("DiNardo") submits this Memorandum of Points and Authorities in further support of his motion to dismiss the Fifth Cause of Action for money had and received in Plaintiff Edelson PC's ("Plaintiff") Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

As set forth in DiNardo's initial moving papers and as further articulated below, Plaintiff has failed to state a claim against DiNardo for money had and received – the only cause of action against DiNardo. In moving to dismiss, DiNardo made three substantive arguments, which each on their own require dismissal of Plaintiff's Complaint: (1) Plaintiff fails to allege facts sufficient to pierce the corporate veil; (2) Plaintiff's claims are outside the applicable statute of limitations; and (3) Plaintiff fails to allege facts necessary to plead the elements of money had and received.

Here, Plaintiff has filed a single consolidated brief in opposition to five (5) separate motions to dismiss – one of which was DiNardo's. Plaintiff's Opposition, however, spends less than four and a half pages arguing that it has sufficiently stated a claim for money had and received against DiNardo. In fact, Plaintiff has completely ignored DiNardo's argument that the money had and received claim amounts to an attempt to impermissibly disregard the corporate form of co-

Defendant California Attorney Lending, II, Inc. ("CAL"). As set forth below and for the reasons set forth in DiNardo's initial moving papers, the Complaint does not state a claim for money had and received as against DiNardo and thus, the Complaint must be dismissed as to DiNardo.

Moreover, DiNardo respectfully requests that this Court dismiss Plaintiff's claim against him with prejudice. Notably, this is not Plaintiff's first bite at the apple. This matter was transferred from the United States District Court, Northern District of California (Case No.: 3:22-cv-03977-SK) to this Court—but only after the parties fully briefed DiNardo's motion to dismiss. Thus, Plaintiff was aware of the deficiencies in its Complaint with respect to its single claim against DiNardo. Plaintiff also did not amend its complaint following the parties' meet and confer, pursuant to this Court's standing order (Doc. 113). In fact, Plaintiff provided the exact same arguments in opposition to DiNardo's renewed motion to dismiss before this Court as it presented in opposition to DiNardo's motion to dismiss in the Northern District action. In doing so, Plaintiff did not correct any of the deficiencies raised in the Northern District motion to dismiss and did not correct its failure to address certain arguments raised in DiNardo's Northern District motion to dismiss when responding to the present motion. This is at odds with the intended purpose of this Court's standing order (Doc. 113), which seeks to reduce unnecessary motion practice.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

As such, Plaintiff should not be afforded an opportunity to amend the Complaint following two rounds of motion practice and Plaintiff's claim against DiNardo should thus be dismissed with prejudice.

## LEGAL ARGUMENT

**I. Plaintiff Fails to Address DiNardo's Argument that Plaintiff's Money Had and Received Claim Impermissible Attempts to Pierce the Corporate Veil of California Attorney Lending, II, Inc.**

As an initial matter, DiNardo's involvement in the present litigation arises entirely out of Plaintiff's allegation that DiNardo is the purported founder of co-Defendant CAL[1]. Specifically, Plaintiff's money had and received claim against DiNardo is premised entirely on a promissory note between Girardi Keese and CAL, which required certain fees due to Girardi Keese in the Lion Air litigation to be paid directly to CAL. (Doc. 1, ¶308). The Complaint alleges that certain settlement funds were in fact transferred to CAL pursuant to the terms of court approved settlement agreements between the Lion Air Clients and Boeing. (Doc. 1, ¶310). It is these funds that Plaintiff claims must be paid to Plaintiff, as assignee of the Lion Air Clients. Importantly, however, the entirety of DiNardo's involvement with the funds forming the basis of the money had and received claim is Plaintiff's single

---

[1] As noted in DiNardo's moving papers, while DiNardo must – for the purposes of his Motion to Dismiss – accept as true Plaintiff's claim that he is the founder of CAL (Doc. 1, ¶32), this is simply not true and DiNardo does not have any ownership interest in CAL.

- 3 -

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

speculative allegation that "[o]n information and belief, California Attorney Lending transferred some or all of the money it received from the Lion Air Clients' settlements to DiNardo." (Doc. 1, ¶315). The mere allegation that DiNardo may have received money from CAL, however, cannot form the basis of a money had and received claim. Accordingly, Plaintiff's single cause of action against DiNardo must be dismissed.

It cannot be disputed that CAL and DiNardo are distinct legal entities. *See Port Chester Elec. Const. Co. v. Atlas*, 40 N.Y.2d 652, 656 (1976) ("Corporations, of course, are legal entities distinct from their managers and shareholders and have an independent legal existence. Ordinarily, their separate personalities cannot be disregarded."). Accordingly, even if Plaintiff did state a money had and received claim against CAL, and they did not, it does not follow that a claim for money had and received has been stated as against DiNardo. As argued in DiNardo's Motion to Dismiss, Plaintiff's claims amount to a half-hearted attempt to pierce CAL's corporate veil and require DiNardo to repay certain funds that are alleged to have been sent to CAL. Plaintiff's Complaint, however, is devoid of any allegations that would support a veil piercing claim. *See Shantou Real Lingerie Mfg. Co. v. Native Grp. Int'l, Ltd.*, 401 F. Supp. 3d 433, 439 (S.D.N.Y. 2018); *EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508 (S.D.N.Y. 2005). Simply put, there is not a single allegation that would support disregarding CAL's corporate form.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Given the lack of allegations supporting a veil piercing claim, it is not surprising that in opposition, Plaintiff does not even attempt to argue anything to the contrary. Plaintiffs have not and cannot point to a single piece of legal authority that would support a conclusion that DiNardo is personally liable under a money had and received cause of action. Instead, Plaintiff completely ignores DiNardo's argument in its entirety. "This is alone reason enough to dismiss this claim." *Kumar v. Ally Fin. Inc.*, 2022 WL 16962283, at *6 (C.D. Cal. Oct. 17, 2022); *see also B&L Prods., Inc. v. Newsom*, 2022 WL 3567064, at *6 (S.D. Cal. Aug. 18, 2022) ("Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate"); *Silva v. U.S. Bancorp*, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) ("[T]he Court finds that Plaintiff concedes his ... claim should be dismissed by failing to address Defendants' arguments in his Opposition."); *Lunn v. City of Los Angeles*, 2022 WL 4357436, at *4 (C.D. Cal. Sept. 20, 2022). Plaintiff's failure to even address this fatal deficiency is grounds for dismissal, especially as Plaintiff failed to address this issue in DiNardo's motion to dismiss filed in the Northern District action.

Having failed to even attempt argue that CAL's corporate form should be disregard, Plaintiff's money had and received cause of action against DiNardo must be dismissed with prejudice.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## II. Plaintiff Has Not Alleged Any Fraudulent Conduct

In moving to dismiss, DiNardo argued that Plaintiff failed to state a claim for money had and received because (1) the claims are barred by the applicable two-year statute of limitations; and (2) because Plaintiff failed to plead the necessary elements of a money had and received claim. In opposition, Plaintiff does not contest that the claims would be barred under a two-year limitation period or that the Complaints fails to allege the necessary elements of a money had and received claim. Instead, Plaintiff attempts to side-step these deficiencies by claiming they are inapplicable. More specifically, Plaintiff argues that its money had and received claim against DiNardo is based in fraud and thus a three-year statute of limitations period applies. Likewise, Plaintiff claims that because its claim is purportedly based on fraud the three-element test of money had and received can be ignored.

DiNardo agrees that a three-year statute of limitations for money had and received can apply where the underlying tort is one of fraud. *See Ringler Ins. Agency v. Atlas Settlement Grp., Inc.*, 2010 WL 11596114, at *3 (C.D. Cal. May 3, 2010) ("The statute of limitations that applies to a cause of action for money had and received is determined on the basis of the underlying tort."). Similarly, DiNardo agrees there is support for the conclusion that in instances of fraud the three elements of money had and received are not applicable. *See Rotskoff v. Cooley*, 2008 WL 11342739, at *2 (C.D. Cal. Apr. 21, 2008) (finding the "three-element articulation

- 6 -

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

of an action for money had and received is not applicable in a case based on fraud."). Critically, however, Plaintiff has not alleged any underlying tort against DiNardo or CAL II – let alone a claim of fraud. Further to the extent that a fraud can be inferred – and it cannot – the Complaint falls woefully short of pleading any act by DiNardo with the requisite specificity to survive a motion to dismiss.

Fraud requires five elements: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage. *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1452–53 (2011); *see also Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1270 (C.D. Cal. 2010). Critically, fraud invokes Rule 9(b), which requires plaintiffs to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), the complaint must detail "'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). These circumstances must be "specific enough to give defendants notice of the particular misconduct…." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Here, Plaintiffs Complaint fails to articulate any fraudulent conduct of DiNardo that could give rise to a money had and received claim. The Complaint is devoid of any allegation that DiNardo made any representation – let alone a misrepresentation – to the Lion Air Clients that the Plaintiffs now claim to stand in the shoes of. Understanding that neither DiNardo nor CAL made any misrepresentation to the Lion Air Clients, it is assumed that Plaintiffs will argue that the Complaint is premised on the concept of fraudulently concealment. *See e.g.* Doc. 1, at ¶¶310; 314 (alleging that the existence of promissory notes were not disclosed to the Lion Air Clients and that CAL and DiNardo allegedly had knowledge to Girardi Keese's use of the Lion Air settlement funds). Nevertheless, even if these allegations are accepted as true, Plaintiffs claims still fail, as DiNardo had no duty to the Lion Air Clients. In this regard, to state a claim for fraud in the concealment, "the defendant must have been under a duty to disclose the [relevant material] fact to the plaintiff." *Bank of Am. Corp. v. Superior Court*, 198 Cal. App. 4th 862, 870 (2011). "Absent a fiduciary relationship, non-disclosure is not fraudulent concealment." *Long v. Walt Disney Co.*, 116 Cal. App. 4th 868, 874 (2004).

Here, the Complaint lacks any allegation that DiNardo owed any duty to the Lion Air Clients. Of course, this is not surprising when one considers that the Complaint lacks any allegation that DiNardo interacted with the Lion Air Clients in any way. The closest allegations relating to any interaction with the Lion Air Clients

is that relating to the simple fact that pursuant to the court approved settlement agreements, Boeing's counsel wired money directly to CAL. *See* Doc. 1, at ¶310. However, there is simply no allegation that DiNardo was a part of this process or involved in any way with the Lion Air matter. As such, any claim that DiNardo engaged in any fraudulent conduct that would somehow allow Plaintiff to assert a money had and received claim against DiNardo must fail.

### III. Money Had and Received is Not a Standalone Cause of Action

In moving to dismiss, DiNardo argues that the sole count against him of money had and received must be dismissed because it is not a standalone cause of action. *See Crosbie v. Endeavors Techs., Inc.*, 2009 WL 3464135, at *10 (C.D. Cal. Oct. 22, 2009) (holding that "the common count of money had and received [is] not [a] standalone causes of action."). In opposition, Plaintiff contends that DiNardo's case law is distinguishable because the cases DiNardo cites stand for the proposition that a money had and received claim should be dismissed as duplicative of other dismissed claims. Plaintiff, however, misses the point of the cases cited by DiNardo. Instead, the cases cited in DiNardo's motion papers stand for the simple proposition that a common count rises and falls with the underlying claim that it is based. Here there is no underlying claim and thus, the single cause of action for money had and received must be dismissed.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### IV. Plaintiff Stepped Into The Shoes Of The Lion Air Clients And Has No Claim For Recovery

In his moving papers, DiNardo argued that Plaintiff, as the assignee of the Lion Air Clients' rights and potential claims, has no claim against DiNardo because any claim held by the Lion Air Clients has been extinguished. As set forth in DiNardo's motion to dismiss, it is well settled that "assignment results in the assignee "stepping into the shoes with regard to the rights that the assignor held and not in an expansion of those rights." *Innovus Prime, LLC v. Panasonic Corp.*, 2013 WL 3354390, at *5 (N.D. Cal. July 2, 2013). In opposition, Plaintiff does not contest the fact that the Lion Air clients were in fact made whole and those individuals no longer have a purported claim against any of the defendants here. As the Lion Air Clients were already made whole and thus any claim they had is extinguished, Plaintiff cannot now assert claims as an assignee.

### CONCLUSION

For the foregoing reasons, Defendant Joseph DiNardo respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, in its entirety.

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

DATED: February 13, 2023

**LIPPES MATHIAS LLP**

*s/ Richard M. Scherer, Jr.*
Richard M. Scherer, Jr., Esq. (*pro hac vice*)

And

**HAMRICK & EVANS, LLP**

Jeff W. Poole, Esq. (SBN 291783)

*Attorneys for Defendant Joseph DiNardo*

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**