Walter J. Lack, Esq. (SBN 57550)
Rachel M. Lannen, Esq. (SBN 333701)
**ENGSTROM, LIPSCOMB & LACK**
10100 Santa Monica Boulevard, 12th Floor
Los Angeles, CA 90067-4113
Tel: (310) 552-3800 / Fax: (310) 552-9434

Attorneys for Defendant,
DAVID LIRA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDELSON PC, an Illinois professional corporation, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID LIRA, an individual, KEITH GRIFFIN, an individual, ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual, EJ GLOBAL, LLC, a California limited liability company, CHRISTOPHER KAMON, an individual, GEORGE HATCHER, an individual, WRONGFUL DEATH CONSULTANTS, a California corporation, JOSEPH DINARDO, an individual, CALIFORNIA ATTORNEY LENDING II., a New York corporation, <br><br> Defendants. | Case No. 2:22-cv-08787-JFW (MAAx) <br> *Assigned to the Honorable John F. Walter* <br><br> **DEFENDANT DAVID LIRA'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNTIL RESOLUTION OF THE PARALLEL CRIMINAL PROCEEDING** <br><br> Hearing Date: March, 20, 2023 <br> Time: 1:30 p.m. <br> Judge: Hon. John F. Walter <br> Courtroom: 7A |

i

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 20, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 7A of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, California 90012, the Honorable John F. Walter presiding, defendant David Lira ("Defendant") will and hereby does move this Court for an Order Staying this action pending the resolution of *United States v. Thomas Girardi, et al.,* U.S. District Court, N.D. Illinois, Case No. 1:23-cr-00054, which is currently proceeding against Defendant.

This Motion to Stay will be made on the grounds that requiring Defendant to respond to discovery herein will force him to choose between either revealing information which might implicate him in the criminal matter, or refusing to respond and suffering a default judgment herein. Specifically, Defendant requests that the Court stay the entirety of this civil proceeding until the resolution of the parallel criminal case against Defendant in the United States District Court for the Northern District of Illinois.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice with attached exhibits, the pleadings and records on file in this action, and upon such additional argument and evidence as may be presented at or before the Court's decision on the motion.

This motion is made following the conference of counsel pursuant to Local Rule 7.3, which took place on February 2 and 3, 2023. Defendants Erika Girardi, EJ Global, LLC, Joseph DiNardo, and California Attorney Lending, II, Inc. could not agree to stipulate to an immediate stay because of their pending motions to dismiss, which are currently set for hearing on February 27, 2023. Defendant California Attorney Lending II, Inc. ("CAL II"), states that it will oppose the

457577                                        ii

aforementioned motions to stay to the extent that they would prevent the timely consideration of CAL II's pending motion to dismiss, because the causes of action presently pled against CAL II cannot be maintained, even after amending the pleading, and because (after conferring with Plaintiff regarding CAL II's opposition to the motion to stay), Plaintiff has not identified a non-frivolous alternate cause of action that might be pled against CAL II. These Defendants would, however, agree to a stay that becomes effective after their motions to dismiss are determined.

Plaintiff will not oppose a stay of this action, but cannot agree to a piece stay. In the even that any Defendant intends to continue the litigation – whether through the motions to dismiss or otherwise – Plaintiff must insist on timely discovery productions to ensure that the case progresses as ordered by the Court. (*See* Standing Order, ¶ 4(b) ("Counsel shall begin to actively conduct discovery before the Fed. R. Civ. P. 26(f) conference because at the Scheduling Conference the Court will impose tight deadlines to complete discovery.").

Dated: February 13, 2023                    ENGSTROM, LIPSCOMB & LACK

By:_____
          WALTER J. LACK, ESQ.
          RACHEL M. LANNEN, ESQ
          Attorneys for Defendant David Lira

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Due to the criminal proceeding against Defendant David Lira, the Court should stay this civil matter pending the outcome of the parallel criminal proceeding.

A defendant in parallel civil and criminal cases that are proceeding simultaneously faces a dilemma: if the defendant does not take the Fifth Amendment, the Fifth Amendment privilege will be considered waived in criminal proceedings. *See, United States v. Kordel, 397 U.S. 1, 9 (1970); Sec. & Exch. Comm'n v. Dreser Indus., Inc., 628 F. 2d 1368, 1375-76 (D.C.Cir.)* (cert. denied 449 U.S. 993 (1980)). It is well-settled that when the government pursues both civil and criminal actions against an individual defendant, the Fifth Amendment concerns warrant a stay of the civil proceeding.

Here, Defendant David Lira ("Defendant") was indicted by the federal government on February 1, 2023 in the United States District Court for the Northern District of Illinois, case no. 1:23-cr-00054 ("Indictment"), attached to the Judicial Notice filed concurrently herewith as Exhibit 1. The Indictment is based on nearly identical facts to those at issue in Plaintiff's Complaint, namely, Defendant's alleged involvement with Tom Girardi and Girardi Keese's mismanagement of the Lion Air clients' funds, and communications by Defendant and others related to the handling of those funds. Likewise, the Indictment asserts the criminal analogs to the civil claims in Plaintiff's Complaint. Furthermore, the United States Attorney's Office of the Central District of California has an ongoing criminal investigation arising from the same allegations that are the basis for this civil action. The risk of criminal prosecution in the Central District is not conjectural, it is real, because the U.S. Attorney's Office has informed counsel for Defendant that Defendant is a target of its investigation. A copy of the Indictment

filed in the United States District Court for the Central District of California is attached to the Judicial Notice filed concurrently herewith as Exhibit 2.

Since the Government's Indictment and Plaintiff's Complaint involve significantly overlapping subject matter, Defendant must either (1) assert his Fifth Amendment rights against compelled self-incrimination in order to avoid the risk of providing evidence for his current indictment, and a potential future criminal prosecution, thereby forsaking producing evidence in defense of the civil action, or (2) defend himself fully in this action, but risk providing information that may be used against him in his criminal proceeding. Given the formal criminal proceedings underway, Defendant should not be faced with having to decide between putting on a defense to Plaintiff's Complaint versus preserving his Fifth Amendment rights. When a defendant is placed in such a position, it is appropriate that the defendant's constitutional rights be protected by staying the civil action in its entirety.

II.   **ARGUMENT**

    **A. COURTS HAVE BROAD DISCRETION TO STAY A CIVIL ACTION IN THE FACE OF A PARALLEL CRIMINAL PROCEEDING**

Without a stay of the civil action, a defendant is presented with a Hobson's choice: if the civil proceedings are not stayed and the defendant testifies or otherwise provides discovery, the government will have been able to use the civil proceedings to acquire incriminating information for its criminal case. Civil discovery against a defendant is, of course, much broader and far-reaching than criminal "discovery," ranging from mandatory initial disclosures to the liberal discovery provided by Rule 26(b)(1) of the F.R. Civ. P. (allowing "discovery regarding any matter ... . that is relevant to the claim or defense of any party). Moreover, once an incriminating fact is disclosed, the privilege is waived, and a defendant can no longer invoke Fifth Amendment protection for that fact. *Rogers v.*

**DEFENDANT DAVID LIRA'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNTIL RESOLUTION OF THE PARALLEL CRIMINAL PROCEEDING: Case No. 2:22-cv-08787-JFW (MAAx)**

1   *United States,* 340 U.S. 267 (1951). The only other "option" is to invoke the

2   privilege, thereby risking an adverse inference from the failure to provide evidence

3   or the preclusion of evidence needed to defend against civil liability. *See Baxter v.*

4   *Palmigiano,* 425 U.S. 308, 318 (1976)(reliance on the Fifth Amendment in civil

5   cases may give rise to an adverse inference against the party claiming its benefits).

6        A district court may in its discretion "stay civil proceedings pending the

7   outcome of parallel criminal proceedings." *Federal Savings and Loan Insurance*

8   *Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989). The federal courts have

9   repeatedly recognized that "the strongest case for deferring civil proceedings until

10   after completion of criminal proceedings is where a party under indictment for a

11   serious offense is required to defend a civil or administrative action involving the

12   same matter." *Sec. and Exch. Comm 'n v. Dresser Indus., Inc.,* 628 F.2d 1368,

13   1375-1376 (D.C. Cir. 1980).

14        Accordingly, the Court should exercise its discretion and stay this action

15   pending the outcome of the parallel criminal proceeding.

16   **B.  THE FIVE DISCRETIONARY FACTORS ARTICULATED BY**

17   **THE NINTH CIRCUIT WARRANTS A STAY OF THIS ACTION.**

18        A court must decide whether to stay civil proceedings in the face of parallel

19   criminal proceedings in light of the particular circumstances, competing interests

20   involved in the case, and the extent to which the defendant's Fifth Amendment

21   rights are implicated. *Federal Savings and Loan Insurance Corp. v. Molinaro,* 889

22   F.2d 899, 902 (9th Cir. 1989).

23        In deciding whether or not "the interests of justice" support a stay in civil

24   proceedings, relevant factors include but are not limited to:  (1) the interest of the

25   plaintiffs in proceeding expeditiously with this litigation or any particular aspect of

26   it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any

27   particular aspect of the proceedings may impose on defendants; (3) the

28   convenience of the court in the management of its cases, and the efficient use of

judicial resources; (4) the interests of persons not parties to the civil litigation; and
(5) the interest of the public in the pending civil and criminal litigation. *Keating v.
Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

Further, when simultaneous civil and criminal proceedings involve "the
same matter," Fifth Amendment concerns may be sufficient to warrant a stay. *Sec.
& Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980). In
such circumstances, courts have determined that the preservation of the defendant's
Fifth Amendment right is "the most important factor" to be considered. *Chao v.
Fleming*, 498 F. Supp. 2d 1034, 1039 (W.D. Mich. 2007). In the present matter,
Plaintiff's allegations virtually mirror the allegations in the indictment against
Defendant. Significantly, for purposes of this motion, the Indictment implicitly, if
not expressly, attempts to implicate Defendant with respect to the Lion Air matter.

In addition to the fact that the subject matter of the Indictment significantly
overlaps with that of this civil action, a consideration of the *Keating* factors weighs
in favor of a stay of this action.

## 1. Plaintiff's Interests Do Not Outweigh Defendant's Fifth Amendment Rights

During the Local Rule 7-3 pre-filing conference held on February 3, 2023,
Plaintiff indicated that they would not be opposing this Motion to Stay.

While it is perhaps axiomatic that a plaintiff almost always has an interest in
proceeding expeditiously with a case, under the present circumstances, that interest
is of limited weight. In evaluating whether this civil case should be stayed, the
balance of interests as between the plaintiff and the defendants clearly weighs in
favor of a stay of this action until the parallel criminal case is concluded. The only
burden on the plaintiff is the brief delay of a case that seeks civil damages. Stripped
down to its simplest facts, this civil case is a subrogation matter. Plaintiff and its
insurer settled with the Lion Air families, thus extinguishing potential claims

against Plaintiff. Plaintiff obtained rights of assignment from the Lion Air families that Plaintiff represented and has filed the instant matter.

In contrast, the burden on Defendant implicates and compromises his constitutional rights, creates an unfair situation with respect to discovery in the criminal case, and consumes valuable resources that are needed for the criminal defense. Inconvenience and delay to the plaintiff is not substantial enough to overcome the undue burden faced by Defendant.

While this will undoubtedly cause some inconvenience and delay to the plaintiff, this inconvenience pales in comparison to Defendants constitutional rights against self-incrimination. *See Volmar Distrib., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (holding that while a "stay will result in inconvenience and delay to plaintiffs, ... under settled authority the Fifth Amendment is the more important consideration").

Here, a stay will both streamline discovery and preserve evidence, since both actions focus on the actions of Defendant in connection with the Lion Air matter. Moreover, since Defendant's s ability to exercise his Fifth Amendment rights unimpeded is a "more important consideration" than any claimed inconvenience on the plaintiff's part, and further, since staying this action will likely enhance, rather than hamper, plaintiff's ability to gather evidence, this Court should grant Defendant's request for a stay.

## 2.  Denying a Stay will Unduly Burden All Defendants

During the Local Rule 7-3 pre-filing conference held on February 2 and 3, 2023, all defendants indicated that they would not be opposing this Motion to Stay.

The second factor, which considers the burden on the parties seeking the stay if no stay is entered, weighs heavily in favor of a stay on all discovery in this action. As discussed above, if this action is allowed to proceed in tandem with the criminal case, Defendant will be forced into the unpalatable position of choosing

1   either to waive his Fifth Amendment rights or to forfeit the civil suit. This choice
2   has chilling implications for Defendant.

3         Furthermore, Defendant Christopher Kamon ("Kamon") is also facing
4   criminal charges based on the same Indictment, and has already asserted his Fifth
5   Amendment rights in his Answer to Plaintiff's Complaint. Moreover, it is
6   anticipated that other defendants in this matter will be asserting their Fifth
7   Amendment rights, given the ongoing investigation by the United States Attorney's
8   Office of the Central District of California. These assertions of privilege, while
9   proper and justified, do not allow for complete discovery at this time.

10        A stay protects the proper conduct of the state criminal proceedings and
11  investigations through maintaining the integrity of the criminal discovery
12  process. Moreover, a stay protects all parties' rights and interests in asserting their
13  Fifth Amendment Privileges.

14        Thus, any invocation of the Fifth Amendment privilege by any defendant in
15  this matter would prejudice *all* of the defendants. For these reasons, this factor is
16  also in favor of the Court staying the present civil proceeding.

17        **3.  Granting a Complete Stay will Conserve Judicial Resources,**
18            **Enhancing the Courts' Convenience and Efficiency**

19        This Court has an interest in efficiently managing its docket. Since the
20  outcome of the criminal proceeding will likely determine the scope or outcome of
21  the civil proceeding, the Court may conserve its resources by not needing to
22  separately litigate two proceedings. *Douglas v. United States*, No. C 03-04518 JW,
23  2006 WL 2038375, at *4 (N.D. Cal., July 17, 2006)(recognizing that "[a]llowing
24  the criminal action to proceed first may narrow the issues and streamline discovery
25  in the civil proceeding.").

26        As a practical matter, permitting the civil action to proceed alongside the
27  criminal matter would be a waste of judicial resources as Defendant would
28  anticipate a flurry of law and motion practice with regard to Defendant invoking

his Fifth Amendment rights. Moreover, adjudication of the criminal matter may ultimately lead to a resolution of the civil matter without additional litigation.

At the very least, "common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." *Jones v. Conte*, No. C 04-5312 SI, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) (citing *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003)).

Such factors weigh heavily in favor of a stay.

### 4. No Third Party would be Prejudiced by a Stay

There are no third parties whose interests are implicated in imposing a stay at this juncture. Arguably, the Government may have an interest, but any interest in denying a stay would ostensibly benefit the Government in impermissibly obtaining discovery in the present matter to pursue the criminal matters against Defendant and perhaps to mount a case against other defendants in this matter. (Fed.R.Crim.P. 16.) To the extent the stay would affect interests of persons not parties to this matter, such considerations are outweighed by Defendant's interests. Thus, this factor weighs heavily in favor of imposing a stay of the civil action.

### 5. The Interest of the Public Favors a Stay

The public would benefit from the stay. The public has an "interest in the integrity of the criminal case." *Jones v. Conte*, No. C 04-5312 SI, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) (internal citations omitted). Without the stay, Defendant will be forced to either forgo his Fifth Amendment rights or his opportunity to offer a defense in this proceeding. This scenario does not further the public interest in a fair and efficient judicial system, whereas the stay would conversely promote the public interest by providing a defendant an opportunity to exercise his constitutional rights *and* present a full and complete defense in this proceeding.

1    Furthermore, the transactions at issue here are private transactions. There is no

2  public interest served in pursuing this civil action while the criminal matter is

3  pending. Any public interest would weigh in favor of proceeding with the criminal

4  matter before this matter. Thus, this factor favors imposing a stay of the civil action

5  pending resolution of the criminal proceedings.

6  **III.    CONCLUSION**

7        Based on the foregoing, Defendant respectfully requests that this Court enter

8  an order staying the instant matter, pending the conclusion of the parallel criminal

9  proceeding.

10

11  Dated: February 13, 2023                    ENGSTROM, LIPSCOMB & LACK

12

13                                              By:_____

14                                                  WALTER J. LACK, ESQ.
                                                    RACHEL M. LANNEN, ESQ
15                                                  Attorneys for Defendant David Lira

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT DAVID LIRA'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNTIL
RESOLUTION OF THE PARALLEL CRIMINAL PROCEEDING: Case No. 2:22-cv-08787-JFW (MAAx)**

1

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6**

2

     The undersigned, counsel of record for Defendant David Lira certifies that

3

this brief contains 2,783 words, which complies with the 7,000 words limit of L.R.

4

11-6-1.

5

6

Dated: February 13, 2023         ENGSTROM, LIPSCOMB & LACK

7

8

         By:_____

9

          WALTER J. LACK, ESQ.
          RACHEL M. LANNEN, ESQ

10

          Attorneys for Defendant David Lira

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT DAVID LIRA'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS UNTIL RESOLUTION OF THE PARALLEL CRIMINAL PROCEEDING: Case No. 2:22-cv-08787-JFW (MAAx)**