1  EVAN C. BORGES, State Bar No. 128706
     *EBorges@GGTrialLaw.com*
2  DAVID T. SHACKELFORD, State Bar No. 318149
     *Dshackelford@GGTrialLaw.com*
3  GREENBERG GROSS LLP
   650 Town Center Drive, Suite 1700
4  Costa Mesa, California 92626
   Telephone: (949) 383-2800
5  Facsimile: (949) 383-2801

6  Attorneys for Defendants Erika Girardi
   and EJ Global, LLC

7
                    **UNITED STATES DISTRICT COURT**
8
                 **CENTRAL DISTRICT OF CALIFORNIA**
9

10

11  EDELSON PC, an Illinois professional      Case No. 2:22-cv-08787-JFW-MAA
    corporation,
                                              **[PROPOSED] STATEMENT OF**
12                    Plaintiff,              **DECISION GRANTING MOTION**
                                              **TO DISMISS FILED BY**
13          v.                                **DEFENDANTS ERIKA GIRARDI**
                                              **AND EJ GLOBAL, LLC**
14  DAVID LIRA, an individual, KEITH
    GRIFFIN, an individual, ERIKA             **Hearing**
15  GIRARDI a/k/a ERIKA JAYNE, an             Date:    February 27, 2023
    individual, EJ GLOBAL, LLC, a             Time:    1:30 p.m.
16  California limited liability company,     Courtroom:    7A
    CHRISTOPHER KAMON, an
17  individual, GEORGE HATCHER, an            Hon. John F. Walter
    individual, WRONGFUL DEATH
18  CONSULTANTS, a California                 Complaint Filed: July 6, 2022
    corporation, JOSEPH DINARDO, an
19  individual, CALIFORNIA                    Action Transferred to Central District:
    ATTORNEY LENDING II, INC., a             December 5, 2022
20  New York corporation,
                                              Trial Date:        March 26, 2024
21                    Defendants.

22

23

24

25

26

27

28
                                                      Case No. 2:22-cv-08787-JFW-MAA

**[PROPOSED] STATEMENT OF DECISION GRANTING MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND (7)**

On January 23, 2023, Defendants Erika Girardi ("Ms. Girardi") and EJ Global, LLC ("EJ Global," and together with Ms. Girardi, the "EG Defendants") filed a Motion to Dismiss the Complaint of Plaintiff Edelson PC ("Edelson" or "Plaintiff") against the EG Defendants for failure to state a claim and failure to join an indispensable party pursuant to Federal Rules 12(b)(6) and 12(b)(7) (Dkt. No. 166) (the "Motion"). On February 6, 2023, Edelson filed its Consolidated Opposition (Dkt. No. 177). On February 13, 2023, the EG Defendants filed their Reply (Dkt. No. 191). The Court held a hearing on the Motion on February 27, 2023. After considering the moving, opposing, and reply papers, and the oral argument of counsel, the Court rules as follows:

## I.    RELEVANT FACTUAL BACKGROUND

On July 6, 2022, Plaintiff filed its Complaint commencing this action in the Northern District of California, asserting two claims against the EG Defendants: (1) conspiracy to commit racketeering under the federal RICO statute (Second Cause of Action); and (2) knowing receipt of stolen property under Section 496 of the California Penal Code (Third Cause of Action). The Complaint arises out of events related to the joint representation by Edelson and its co-counsel, the law firm of Girardi Keese ("GK") of families of passengers who died in a Lion Air flight crash in Indonesia in October 2018, which resulted in a multi-district litigation against Boeing captioned *In re Lion Air Flight JT 610 Crash* (N.D. Illinois) case number 18-cv-07686.

Plaintiff filed its Complaint as assignee of the Lion Air clients, and seeks damages and other relief based on funds misappropriated by GK and/or its sole proprietor Thomas Girardi ("TG") as part of an alleged RICO Ponzi scheme. Specifically, regarding the EG Defendants, the Complaint alleges that Ms. Girardi, who undisputedly is not an attorney and never worked at the law firm, was an active

1   and knowing co-conspirator in the alleged RICO Ponzi scheme, and that the EG

2   Defendants knowingly received stolen client funds based on those funds allegedly

3   being used by GK to pay bills, invoices and expenses of the EG Defendants.

4          On September 21, 2022, the EG Defendants filed in the Northern District a

5   motion to dismiss the Complaint for improper venue or, alternatively, to transfer

6   venue to the Central District of California (Dkt. No. 61).  On December 2, 2022, the

7   Court in the Northern District granted the motion and transferred the case to the

8   Central District (Dkt. No. 101).

9          The EG Defendants now bring their Motion to dismiss the Complaint

10  pursuant to Federal Rules 12(b)(6) and 12(b)(7).

11  **II.     LEGAL STANDARD**

12         A motion to dismiss pursuant to Federal Rule 12(b)(6) tests the legal

13  sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is

14  proper only where there is either a 'lack of a cognizable legal theory' or 'the

15  absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit*

16  *Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304

17  (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th

18  Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to

19  dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

20  the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions,

21  and a formulaic recitation of the elements of a cause of action will not do."  *Bell*

22  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and

23  alterations omitted).  "[F]actual allegations must be enough to raise a right to relief

24  above the speculative level."  *Id.*

25         In addition, Federal Rule 9(b) provides: "In alleging fraud or mistake, a party

26  must state with particularity the circumstances constituting fraud or mistake."  Fed.

27  R. Civ. P. 9(b).  The heightened pleading requirements of Rule 9(b) are designed "to

28  give defendants notice of the particular misconduct which is alleged to constitute the

1  fraud charged so that they can defend against the charge and not just deny that they

2  have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666 671 (9th Cir. 1993).

3  To provide this required notice, "the complaint must specify such facts as the times,

4  dates, places, and benefits received, and other details of the alleged fraudulent

5  activity." *Id*. at 672.  Further, "any averments which do not meet that standard

6  should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule

7  9(b)." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009) (citation

8  omitted).

9        In deciding a motion to dismiss, a court must accept as true the allegations of

10  the complaint and must construe those allegations in the light most favorable to the

11  nonmoving party.  *See, e.g.*, *Wyler Summit Partnership v. Turner Broadcasting*

12  *System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept

13  as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal

14  allegations cast in the form of factual allegations." *Summit Technology*, 922 F.

15  Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

16  1981) cert. denied, 454 U.S. 1031 (1981)).

17        Federal courts in the Ninth Circuit are particularly mindful of the above

18  heightened pleading requirements in the context of a civil RICO claim as "RICO

19  was intended to combat organized crime, not to provide a federal cause of action

20  and treble damages to every tort plaintiff." *Oscar v. Univ. Students Co-op. Ass'n*,

21  965 F.2d 783, 786 (9th Cir. 1992), *abrogated on other grounds by Diaz v. Gates,*

22  420 F.3d 897 (9th Cir. 2005).  Thus, courts in the Ninth Circuit "should [] strive to

23  flush out frivolous RICO allegations at an early stage of the litigation." *Wagh v.*

24  *Metris Direct Servs., Inc.,* 348 F.3d 1102, 1108 (9th Cir. 2003).

25        Where a motion to dismiss is granted, a district court must decide whether to

26  grant leave to amend.  Generally, the Ninth Circuit has a liberal policy favoring

27  amendments and leave to amend should be freely granted.  *See, e.g., DeSoto v.*

28  *Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  A Court, however,

-4-                          Case No. 2:22-cv-08787-JFW-MAA

1  does not need to grant leave to amend in cases where the Court determines that

2  permitting a plaintiff to amend would be futile.  *See, e.g., Rutman Wine Co. v. E. &*

3  *J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not

4  an abuse of discretion where the pleadings before the court demonstrate that further

5  amendment would be futile.").

6  **III.   DISCUSSION**

7         In the Motion, the EG Defendants argue that Plaintiff has failed to allege

8  specific facts to support the two claims asserted against the EG Defendants – civil

9  RICO conspiracy and alleged knowing receipt of stolen property.  In addition, the

10  EG Defendants argue that the Complaint should be dismissed for failure to join

11  indispensable parties Thomas Girardi ("TG") and his law firm Girardi Keese

12  ("GK").  In its Opposition, Plaintiff argues that it has sufficiently pleaded the claims

13  alleged in the Complaint and that TG and GK are not indispensable parties.

14         **A.   Plaintiff Has Failed to State a Claim Against the EG Defendants**

15         Plaintiff's Complaint fails to state a claim against the EG Defendants for the

16  following reasons:

17              **1.   Plaintiff Has Failed to State a Claim for RICO Conspiracy**

18                   **Against the EG Defendants**

19         In its second cause of action, Plaintiff alleges a civil RICO conspiracy claim

20  against the EG Defendants.  To state a claim for RICO conspiracy, a plaintiff must

21  show that the defendant (1) knew about and (2) agreed to facilitate the operation of

22  an enterprise through a pattern of racketeering activity.  *See Salinas v. United States,*

23  522 U.S. 52, 66 (1997); *Smith v. Berg,* 247 F.3d 532, 538 (3d Cir. 2001).  Under

24  Ninth Circuit law, "in addition to the general conspiracy principles mentioned in

25  *Salinas,"* *United States v. Fernandez,* 388 F.3d 1199, 1230 (9th Cir. 2004), a

26  **"defendant must also have been 'aware of the essential nature and scope of the**

27  **enterprise and intended to participate in it**.'"  *Howard v. Am. Online Inc.,* 208

28  F.3d 741, 751 (9th Cir. 2000) (quoting *Baumer v. Pachl,* 8 F.3d at 1341, 1346 (9th

1   Cir. 1993)) (emphasis added).  Thus, a defendant may be "guilty of conspiracy to

2   violate § 1962(c) if the facts show that the defendant '**knowingly agree[d] to**

3   **facilitate a scheme which includes the operation or management of a RICO**

4   **enterprise**.'"  *Fernandez,* 388 F.3d at 1230 (adopting *Smith v. Berg,* 247 F.3d 532,

5   538 (3d Cir. 2001)) (emphasis added).

6        In this case, Plaintiff fails to plead any facts supporting the key element of the

7   EG Defendants somehow knowingly agreeing to participate in a conspiracy and plan

8   to engage in racketeering activity.  Plaintiff's Complaint only pleads conclusory

9   assertions without specifics.  For example, Plaintiff alleges in a conclusory fashion

10  that: "[w]hile Tom, Kamon, Lira, Griffin, and Hatcher directed and managed the

11  affairs of the Girardi Family Enterprise, Erika knew of the scheme, intended to

12  participate in it and— critically—share in its profits, both directly and through her

13  wholly-owned company, EJ Global."  Complaint ¶ 59.  The Complaint, however,

14  pleads **zero** specific allegations to show "how, why, when, or where the [EG

15  Defendants] agreed to participate in the alleged scheme."  *Chung Goh v. Prima Fin.*

16  *Grp., Inc.,* 2017 WL 7887860 at *3 (C.D. Cal. July 26, 2017).

17       In sum, Plaintiff dose not allege the specific facts required to "show the

18  existence of an agreement between two or more persons that clearly amounted to a

19  meeting of the minds."  *Bulan v. JP Morgan Chase Bank*, 2011 WL 13266527, at *7

20  (N.D. Cal. Apr. 6, 2011).  Moreover, "[c]onclusory allegations that RICO

21  defendants entered into an agreement are insufficient" to state a claim as a matter of

22  law.  *Lavigne v. Herbalife, LTD*, 2019 WL 6721619, at *9 (C.D. Cal. Octo. 22, 2019

23  (citation omitted); *see also Baumer*, 8 F. 3d at 1346 ("a defendant who did not agree

24  to the commission of crimes constituting a pattern of racketeering activity is not in

25  violation of section 1962(d), even though he is [alleged to be] somehow affiliated

26  with a RICO enterprise.") (citation omitted).

27       Plaintiff asserts that because expenses of the EG Defendants were paid by GK

28  (Complaint at ¶ 60) and because Erika signed off on loan agreements that indicated

[PROPOSED] STATEMENT OF DECISION GRANTING MOTION TO DISMISS FILIED BY DEFENDANTS
ERIKA GIRARDI AND EJ GLOBAL, LLC

1  "she and Tom were on the hook for significant debt" (Complaint at ¶ 92), it can be

2  reasonably inferred that the EG Defendants had actual knowledge of the RICO

3  enterprise as well as the fact that funds were stolen.  But it does not follow from the

4  fact that a wife is aware her husband has incurred debt, or that her husband's law

5  firm pays her expenses or expenses associated with her entertainment career, that

6  the wife somehow must know that her husband is a criminal, running a Ponzi

7  scheme, or stealing client funds at his law firm where she undisputedly had no

8  involvement in managing finances or client matters.  No specific facts are pleaded to

9  show that Ms. Girardi had actual knowledge of and participated in a conspiracy to

10  engage in a Ponzi scheme.  At best, Plaintiff's claims of the EG Defendants'

11  knowledge amount to speculation and conjecture, and lack the specifics necessary to

12  satisfy the requirements of Rule 9(b).

13        Plaintiff's assertion in its Complaint and Opposition that "Erika agreed that

14  someone would commit predicate acts" (Complaint ¶ 283) is also unsupported.

15  Plaintiff's allegation is insufficient because an alleged conspirator must consciously

16  and personally agree to actively assist or facilitate an underlying enterprise.  *See*

17  *Brouwer v. Raffensperger, Hughes & Co.,* 199 F.3d 961, 967 (7th Cir. 2000).  None

18  of Plaintiff's allegations meets the specificity requirements of Rule 9(b), and they do

19  not establish any "agreement" to conspire.  Nor does the Complaint contain

20  allegations providing a basis to infer such an agreement.  As such, Plaintiff fails to

21  satisfy Rule 9(b).  Moreover, the Complaint's allegations are not "plausible grounds

22  to infer an agreement," as required under Rule 8.  *Twombly,* 550 U.S. at 556.

23        Accordingly, Plaintiff's second cause of action for RICO Conspiracy against

24  the EG Defendants is dismissed.  As discussed below, this dismissal is without leave

25  to amend given that Plaintiff has offered no facts, at all, that it would plead to state a

26  claim.

27

28

[PROPOSED] STATEMENT OF DECISION GRANTING MOTION TO DISMISS FILIED BY DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC

## 2.  Plaintiff Has Failed to State a Claim Against the EG Defendants for Alleged Knowing Receipt of Stolen Property

In its third cause of action, Plaintiff asserts a claim against the EG Defendants for alleged knowing receipt of stolen property, along with Defendants Keith Griffin, George Hatcher, and Wrongful Death Consultants.  To prevail on a civil claim brought under California Penal Code Section 496(c), Plaintiff must prove three elements: (1) stolen property; (2) ***knowledge*** that the property was stolen; and (3) the defendant had possession of the stolen property.  Cal. Penal Code § 496(c) (emphasis added); *see also, Castillo-Cruz v. Holder,* 581 F.3d 1154, 1161 (9th Cir. 2009); *People v. King,* 81 Cal. App. 4th 472, 476 (2000).  Mere possession of a stolen article is not sufficient to prove the claim of receiving stolen property; rather, the defendant must know the property was stolen.  *People v. Stuart,* 77 Cal. Rptr. 531, 272 Cal.App.2d 653 (1969).

As a claim grounded in fraud, Section 496 claims are subject to Rule 9(b)'s heightened pleading standard, and must allege "the 'who, what, when, where, and how' of the misconduct charged."  *See, e.g., Grouse River Outfitters Ltd v. NetSuite, Inc.,* 2016 WL 5930273, at *3, *14-16 (N.D. Cal. Oct. 12, 2016) (dismissing a § 496(c) theft claim because the complaint "did not identify false representations or plead fraud with particularity" as required under Rule 9(b)) *quoting Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-06 (9th Cir. 2003) (Rule 9(b) applies to a claim relying upon allegations of fraud even where fraud is not a necessary element of the claim).

In this case, Plaintiff fails to allege any facts sufficient to show that the EG Defendants possessed the necessary mental state under Section 496, let alone allege those facts with the particularity required under Rule 9(b).  For example the Complaint alleges that:  "Between March and November 2020, Kamon used money obtained from funds held in trust for the Lion Air Clients by Girardi Keese in a manner constituting theft to pay the balances of American Express credit cards or

charge cards used by Erika and EJ Global." Complaint ¶ 296. Such conclusory

allegations are inadequate. Importantly, nowhere in the Complaint does Plaintiff

allege that Ms. Girardi or EJ Global ever knew, if it occurred, that funds paid by

Boeing for the Lion Air clients were later used by GK to pay expenses of the EG

Defendants —as if that were possible with money that Plaintiff alleges was

*comingled* with other client settlements in a single account.

As noted above, Plaintiff alleges vaguely that "Erika had actual and specific

knowledge that she and Tom were on the hook for significant debt and that a lender

had to be paid in full before her [sic] and Tom took any more money from Girardi

Keese." Complaint ¶ 92. Plaintiff then attempts to infer, through a giant leap of

speculation, that because Ms. Girardi knew Mr. Girardi was in debt, she somehow

knew that any funds used to pay her and EJ Global's expenses were illicit and

stolen. Once again, a wife's knowledge of a husband's debt does not permit a

reasonable inference that the wife somehow had actual knowledge that funds used

by her husband's law firm to pay her bills were stolen.

Plaintiff also fails to allege that the EG Defendants knew or believed that

GK's funds were obtained in a matter that constitutes theft. Nowhere in Plaintiff's

Complaint does Plaintiff allege that Ms. Girardi had knowledge that any of the funds

spent by GK were stolen or otherwise illegitimate. Rather, the Complaint only

alleges, in conclusory fashion, that "[o]n information and belief, when they accepted

payment of the American Express balances, Erika and EJ Global did so with the

knowledge that the funds used to make those payments had been obtained in a

manner constituting theft." Complaint ¶ 297. But such conclusory allegations "are

not entitled to the assumption of truth." *See Iqbal,* 556 U.S. at 679; *see also Boruta

v. JPMorgan Chase Bank, N.A.,* No. 19-CV- 03164-WHO, 2019 WL 4010367, at \*7

(N.D. Cal. Aug. 26, 2019) (dismissing claims premised on "information and belief"

where allegations lacked factual support and required drawing unreasonable

inferences). Moreover, "[a]llegations based on 'information and belief do not

1   satisfy the particularity requirement of Fed. R. Civ. P. 9(b) unless the complaint sets

2   forth the facts on which the belief is founded." *In re Worlds of Wonder Sec. Litig,*

3   694 F.Supp. 1427, 1432-33 (N.D. Cal. 1988).

4       Plaintiff also fails to explain how the specific funds used to pay expenses or

5   bills of Ms. Girardi and EJ Global actually originated from Boeing.  This would

6   require a detailed explanation from Plaintiff describing how it traced the source of

7   the GK funds.  No tracing is explained or alleged.  Without tracing, paragraph 296

8   of the Complaint is solely a conclusory allegation which this Court may ignore.

9       Accordingly, Plaintiff's third cause of action for Receipt of Stolen Property

10  against the EG Defendants is dismissed.  This dismissal is without leave to amend

11  given that Plaintiff has offered no facts, at all, that it would plead to state a claim.

12      **B.**      **Plaintiff Failed to Join Required Parties Thomas Girardi and GK**

13      Federal Rule 12(b)(7) provides that a complaint may be dismissed for "failure

14  to join a party under Rule 19."  Fed. R. Civ. Proc. 12(b)(7).  Determining whether a

15  case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) and 19(a)-(b) imposes

16  a three-step inquiry.  *See Salt River Project Agric. Improvement & Power Dist. v.*

17  *Lee,* 672 F.3d 1176, 1179 (9th Cir.2012) (citing *EEOC v. Peabody W. Coal Co.,* 400

18  F.3d 774, 779-80 (9th Cir.2005)).  First, the court must determine if the party is

19  necessary under Rule 19(a).  *Id*.  Second, if the party is necessary the court must

20  determine whether joinder of that party is feasible.  *Id*.  Finally, if the party is

21  necessary and their joinder is not feasible, the court must determine if the matter can

22  proceed without the absent party.  *Id.*

23      Joint obligees are indispensable parties in an action to enforce the joint

24  obligation.  *Nike v Commercial Iberica,* 20 Fed 3d 987, 991 (9th Cir 1994); *Harrell*

25  *v Peabody,* 546 Fed 2d 1227, 1229 (5th Cir 1977).  In the instant case, Plaintiff

26  repeatedly alleges that TG and GK are responsible for the malfeasance and the debts

27  alleged in the Complaint; thus, they are joint obligees according to Plaintiff, yet they

28  are notably absent from the Complaint.

1    Moreover, under Ninth Circuit precedent, an absent party's contract rights

2 may give it a legally protected interest in an action.  *See, e.g., Wilbur v. Locke,* 423

3 F.3d 1101 (9th Cir. 2005); *Am. Greyhound Racing, Inc. v. Hull,* 305 F.3d 1015,

4 1022–24 (9th Cir.2002); *Manybeads v. United States,* 209 F.3d 1164, 1166 (9th

5 Cir.2000).  For instance, it is well established that all parties to a contract are

6 necessary in an action putting the contract at issue.  *See Wilbur,* 423 F.3d at 1113

7 (citing cases) ("[I]t is a fundamental principle that a party to a contract is necessary,

8 and if not susceptible to joinder, indispensable to litigation seeking to decimate that

9 contract.").

10    TG and GK are indispensable to this action because they are party to the fee

11 agreements forming the gravamen of Plaintiff's entire case.  The Complaint alleges

12 that TG and GK are parties to contracts not only with the Lion Air clients but also

13 with Edelson; therefore, a determination of these rights is foundational to the

14 outcome of this case.  Similarly, Plaintiff alleges that Defendant Hatcher

15 participated in the operation of the enterprise "by entering into an exclusivity

16 agreement with GK[,]" (Opp. at 10:15-16) and that "GK repeatedly entered into

17 illegal payment arrangements."  Compl. ¶¶ 55-58, 172; *see also,* Opp. at 14:19-20.

18    Plaintiff's claims therefore necessarily require analysis of the contracts and

19 rights between TG, GK, Edelson, and the Lion Air clients.  Accordingly, the

20 Complaint is dismissed for failure to join indispensable and necessary parties.

21 **IV.   CONCLUSION**

22    Although Plaintiff requests leave to amend, it makes no effort to demonstrate

23 what facts not already alleged would be added by amendment so as to state a claim.

24 Because there are no additional facts that could be alleged, and none have been

25 offered, that would cure the defects in the Complaint, leave to amend is not

26 required.  *See Carrico v. City & County of San Francisco* (9th Cir. 2011) 656 F3d

27 1002, 1008; *see also, Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034,

28 1041 (9th Cir. 2011).

[PROPOSED] STATEMENT OF DECISION GRANTING MOTION TO DISMISS FILIED BY DEFENDANTS
ERIKA GIRARDI AND EJ GLOBAL, LLC

1         Good cause appearing, **IT IS HEREBY ORDERED THAT**:

2         1.  The Motion to Dismiss the Complaint filed by Defendants Erika Girardi

3    and EJ Global LLC is **GRANTED** without leave to amend; and

4         2.  The Complaint against Erika Girardi and EJ Global LLC is **DISMISSED**

5    with prejudice.

6

7    DATED:  February 15, 2023

8

9                                         _____

10                                      John F. Walter
                                        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STATEMENT OF DECISION GRANTING MOTION TO DISMISS FILIED BY DEFENDANTS
ERIKA GIRARDI AND EJ GLOBAL, LLC

**PROOF OF SERVICE**
**Edelson PC v. David Lira, et al.**
**Case No. Case No. 2:22-cv-08787-JFW-MAA**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On February 15, 2023, I served true copies of the following document(s) described as **[PROPOSED] STATEMENT OF DECISION GRANTING DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC'S MOTION TO DISMISS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 15, 2023 at Costa Mesa, California.

_____
Cheryl Winsten

[PROPOSED] STATEMENT OF DECISION GRANTING MOTION TO DISMISS FILIED BY DEFENDANTS ERIKA GIRARDI AND EJ GLOBAL, LLC

1

**SERVICE LIST**
**Edelson PC v. David Lira, et al.**
**Case No. 2:22-cv-08787-JFW-MAA**

2

3

4    Rafey S. Balabanian, Esq.                    Attorneys for Plaintiff Edelson PC
     EDELSON PC
5    150 California Street, 18th Floor
     San Francisco, CA 94111
6    Telephone: (415) 212-9300
     Facsimile: (415) 373-9435
7    Email:        rbalabanian@edelson.com

8    Alexander Glenn Tievsky                      Attorneys for Plaintiff Edelson PC
     J. Eli Wade- Scott
9    Jay Edelson
     Edelson PC
10   350 North LaSalle, 14th Floor
     Chicago, IL 60654
11   Email:        atievsky@edelson.com
     Email:        ewadescott@edelson.com

12   Walter J. Lack, Esq.                         Attorneys for Defendant David Lira
     Rachel M. Lannen, Esq.
13   ENGSTROM, LIPSCOMB & LACK
     10100 Santa Monica Boulevard, 12th
14   Floor Los Angeles, CA 90067-4113
     Tel: (310) 552-3800
15   Fax: (310) 552-9434
     Email:        wlack@elllaw.com
16   Email:        rlannen@elllaw.com

17   Jeff Wiley Poole                             Attorneys for Defendant Joseph
     Hamrick & Evans LLP                          DiNardo
18   2600 West Olive Avenue, Suite 1020
     Burbank, CA 91505
19   Email:        jpoole@hamricklaw.com

20   Richard M. Scherer, Jr.                      Attorneys for Defendant Joseph
     Lippes Mathias Wexler Friedman LLP           DiNardo
21   50 Fountain Plaza, Suite 1700
     Buffalo, NY 14202
22   Email:        rscherer@lippes.com

23   Anthony L. Lanza                             Attorneys for Defendants George
     Brodie H. Smith                              Hatcher & Wrongful Death Consultants
24   LANZA & SMITH
     A Professional Law Corporation
25   3 Park Plaza, Suite 1650
     Irvine, California 92614-8540
26   Email:        tony@lanzasmith.com
     Email:        brodie@lanzasmith.com

27

28

-14-                                     Case No. 2:22-cv-08787-JFW-MAA

[PROPOSED] STATEMENT OF DECISION GRANTING MOTION TO DISMISS FILIED BY DEFENDANTS
ERIKA GIRARDI AND EJ GLOBAL, LLC

| | | |
|---|---|---|
| 1 | Sean Eric Ponist | Attorneys for Defendant |
| | Ponist Law Group, P.C. | California Attorney Lending II, |
| 2 | 100 Pine Street, Suite 1250 | Inc. |
| | San Francisco, CA 94111 | |
| 3 | Email:        sponist@ponistlaw.com' | |
| | | |
| 4 | William F. Savino | Attorneys for Defendant |
| | Woods Oviatt Gilman LLP | California Attorney Lending II, |
| 5 | 1900 Main Place Tower | Inc. |
| | 350 Main Street | |
| 6 | Buffalo, NY 14202 | |
| | Email        wsavino@woodsoviatt.com | |
| 7 | | |
| | William E Brueckner , III | Attorneys for Defendant |
| 8 | Woods Oviatt Gilman LLP | California Attorney Lending II, |
| | 1900 Bausch & Lomb Place | Inc. |
| 9 | Rochester, NY 14604 | |
| | Email:        wbrueckner@woodsoviatt.com | |

10

11   The following are those who are currently on the list to receive ECF notices for this case.

12
13
- **Daniel David McDonough Abraham**
  sparky@jubilee.legal

14
15
- **Rafey S Balabanian**
  rbalabanian@edelson.com,5926930420@filings.docketbird.com,docket@edelson.com

16
17
- **Evan Christopher Borges**
  eborges@ggtriallaw.com,cwinsten@ggtriallaw.com

18
19
- **William E. Brueckner , III**
  wbrueckner@woodsoviatt.com

20
21
- **Jay Edelson**
  jedelson@edelson.com

22
23
- **Hannah Hilligoss**
  hhilligoss@edelson.com

24
- **Walter John Lack**
  wlack@elllaw.com

25
26
- **Rachel Marilyn Lannen**
  rlannen@elllaw.com

27
28
- **Anthony L. Lanza**
  tony@lanzasmith.com,leona@lanzasmith.com

-15-                                    Case No. 2:22-cv-08787-JFW-MAA

[PROPOSED] STATEMENT OF DECISION GRANTING MOTION TO DISMISS FILIED BY DEFENDANTS
ERIKA GIRARDI AND EJ GLOBAL, LLC

- **Damian J Martinez**
  damian.martinez@aalrr.com,Julissa.Ruiz@aalrr.com

- **Steven D Park**
  spark@parklawless.com,presendez@parklawless.com,jlawless@parklawless.com

- **Sean E Ponist**
  sponist@ponistlaw.com,syu@ponistlaw.com

- **Jeff W. Poole**
  jpoole@hamricklaw.com,ilohr-schmidt@hamricklaw.com,CAbella@hamricklaw.com,efiling@hamricklaw.com,pliscano@hamricklaw.com,sjustice@hamricklaw.com,DItri@hamricklaw.com,GBenitez@hamricklaw.com,DRadford@hamricklaw.com

- **Ryan D Saba**
  rsaba@rosensaba.com,dsanchez@rosensaba.com

- **William F. Savino**
  wsavino@woodsoviatt.com

- **Richard M. Scherer , Jr**
  rscherer@lippes.com

- **David T Shackelford**
  DShackelford@GGTrialLaw.com,TPatton@GGTrialLaw.com

- **Amir A Shakoorian Tabrizi**
  ashakoorian@ggtriallaw.com,dvultaggio@ggtriallaw.com

- **Brodie Hugh Smith**
  brodie@lanzasmith.com,Leona@lanzasmith.com

- **Laura Kelly St Martin**
  lstmartin@rosensaba.com

- **Alexander G. Tievsky**
  atievsky@edelson.com,docket@edelson.com,3500078420@filings.docketbird.com

- **Vincent Frank Tremonti , II**
  vtremonti@parklawless.com,presendez@parklawless.com

- **J. Eli Wade-Scott**
  ewadescott@edelson.com

-16-                                                   Case No. 2:22-cv-08787-JFW-MAA

[PROPOSED] STATEMENT OF DECISION GRANTING MOTION TO DISMISS FILIED BY DEFENDANTS
ERIKA GIRARDI AND EJ GLOBAL, LLC