UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 22-8787-JFW(MAAx)** | Dated: March 22, 2023 |
| Title: | Edelson PC -v- David Lira, et al. | |

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING DEFENDANT CHRISTOPHER KAMON'S MOTION TO STAY PROCEEDINGS [filed 2/13/23; Docket No. 189];

ORDER GRANTING DEFENDANT DAVID LIRA'S MOTION TO STAY PROCEEDINGS UNTIL RESOLUTION OF THE PARALLEL CRIMINAL PROCEEDING [filed 2/13/23; Docket No. 194]; and

ORDER GRANTING MOTION TO STAY BY DEFENDANTS HATCHER AND WRONGFUL DEATH CONSULTANTS [filed 2/17/23; Docket No. 205]

  On February 13, 2023, Defendant Christopher Kamon ("Kamon") filed a Motion to Stay Proceedings. On February 13, 2023, Defendant David Lira ("Lira") filed a Motion to Stay Proceedings Until Resolution of the Parallel Criminal Proceeding. On February 17, 2023, Defendant George Hatcher ("Hatcher") and Wrongful Death Consultants ("WDC") (collectively, the "Hatcher Defendants") filed a Motion to Stay. On February 27, 2023, Defendant California Attorney Lending, II, Inc. ("CAL II") filed its Limited Opposition. On February 27, 2023, Defendants Erika Girardi ("Girardi") and EJ Global, LLC ("EJ Global") (collectively, the "EJ Defendants") filed their Limited Opposition. On March 6, 2023, Kamon filed a Reply. On March 6, 2023, Plaintiff Edelson PC ("Edelson") filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's March 20, 2023 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.      **Factual and Procedural Background**

   A.      **Procedural Background**

On July 6, 2022, Edelson filed its Complaint against Lira, Keith Griffin ("Griffin"), the EJ Defendants, Kamon, the Hatcher Defendants, Joseph DiNardo ("DiNardo"), and CAL II, in the U.S. District Court for the Northern District of California.  On December 2, 2022, this action was transferred from the Northern District of California to this Court and is now entitled *Edelson P.C. v. David Lira, et al.*, Case No. 2:22-cv-08787-JFW (MAAx) ("California Civil Action").  In its Complaint, Edelson alleges that "the Girardi Keese firm operated what we now know was the largest criminal racketeering enterprise in the history of plaintiffs' law," including "appear[ing] to have stolen the settlement monies of the families who lost loved ones in the tragic crash of Lion Air Flight JT 610." Complaint, ¶¶ 2 and 15.

The parties agree that this action arises from the same core facts and involves many of the same defendants as three parallel criminal actions (as well as a civil action pending in the U.S. District Court for the Northern District of Illinois).  The parties also agree that the trial in this case and in the parallel criminal cases will likely involve many of the same witnesses and much of the same evidence.

   A.      **The Parallel Criminal Cases**

On January 19, 2023, an Information was filed against Kamon in the U.S. District Court for the Central District of California in a case entitled *United States v. Christopher Kamon*, Case No. 2:23-cr-00024 ("First California Criminal Case").  The Information alleges that Kamon, who was the Controller and Chief Financial Officer of the Los Angeles law firm Girardi Keese, executed a scheme, together with others, "to knowingly and intentionally embezzle funds in the custody and control of Girardi Keese and divert those misappropriated funds for his own personal enrichment and the enrichment of others."  Information, ¶ 6(a).

On January 31, 2023, an Indictment was returned against Thomas Girardi ("Girardi") and Kamon in the U.S. District Court for the Central District of California in a case entitled *United States v. Thomas Vincent Girardi, et al.*, Case No. 2:23-cr-00047 ("Second California Criminal Case"). The United States of America filed a Notice to Court of Related Criminal Case stating that the First California Criminal Case and the Second California Criminal Case were related because they "arise out of the same conspiracy, common scheme, transaction, series of transactions or events."

On February 1, 2023, an Indictment was returned in the U.S. District Court for the Northern District of Illinois against Girardi, Kamon, and Lira, in a case entitled *United States v. Thomas Girardi, et al.*, Case No. 1:23-cr-00054 ("Illinois Criminal Case").  The Indictment alleges that "Girardi, Kamon and Lira knowingly misappropriated and caused to be misappropriated settlement funds belonging to the [Lion Air] Client Victims by diverting those funds or causing those funds to be diverted from [Girardi Keese]'s IOLTA account for improper purposes."[1]  *See* Illinois Criminal

---

[1] On January 9, 2023, the District Judge in the U.S. District Court for the Northern District of Illinois issued a tentative stay in the civil action entitled *Edelson PC v. Thomas Girardi, et al.*, Case

Case Indictment, ¶ 3.

## II.     Legal Standard

District courts have the power to stay civil proceedings pending the resolution of a parallel criminal proceeding.  *See, e.g., Grubbs v. Irey*, 2008 WL 906246, at *1 (E.D. Cal. Mar. 31, 2008).  However, "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."  *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995).  "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence."  *Id.* (quoting *Securities & Exchange Comm'n v. Dresser Indus.,* 628 F.2d 1368, 1374 (D.C. Cir. 1980)).  "Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action."  *Id.* (quotations and alterations omitted).  "A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case."  *Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

In determining whether or not to grant a stay, the Court must consider the following factors: (1) the extent to which a defendant's fifth amendment rights are implicated; (2) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it; (3) the burden which any particular aspect of the proceedings may impose on the defendants; (4) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; and (6) the interest of the public in the pending civil and criminal litigation.  *Molinaro*, 889 F.2d at 902-903.  "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil . . . action involving the same matter."  *Dresser Industries,* 628 F.2d at 1375–76.

## III.    Discussion

In his Motion to Stay, Kamon seeks a stay of this action pending resolution of the three parallel criminal cases – the Illinois Criminal Case and the First and Second California Criminal Cases.  In his Motion to Stay, Lira seeks a stay of this action pending resolution of the Illinois Criminal Case.  In their Motion to Stay, the Hatcher Defendants seek a stay of this action pending resolution of the three parallel criminal cases.  Kamon and Lira move on the grounds that they have each been charged in at least one of the parallel criminal cases and, as a result, if this action is not stayed they will have to choose between relinquishing their Fifth Amendment rights or invoking those rights and suffering the adverse evidentiary inferences that accompany such silence in civil litigation.  The Hatcher Defendants move on the grounds that, although they have not been indicted, Edelson has made "criminal-like allegations" against them and there are two unidentified potential defendants who may be added to one or more of the parallel criminal cases and the current or potential future defendants in the parallel criminal cases should not be forced to choose between asserting their Fifth Amendment rights or defending themselves in this civil action.  In their Limited Oppositions, CAL II and the EJ Defendants state that they only oppose a stay to the extent

---

No. 1:20-cv-07115 ("Illinois Civil Case").  Edelson and Lira are parties to the Illinois Civil Action.

that it would prevent the Court from ruling on their respective Motions to Dismiss. Plaintiff agrees that a stay is appropriate and argues that if the Court stays this action, it should enter the stay without ruling on any of the pending Motions to Dismiss.

After weighing all the relevant factors, the Court concludes that those factors weigh heavily in favor of staying this action pending the resolution of the three parallel criminal cases for the reasons discussed below.

### A. Implication of Kamon's and Lira's Fifth Amendment Privilege

The first factor that the Court considers in determining whether to grant a stay is the extent to which a defendant's fifth amendment rights are implicated. *Molinaro*, 889 F.2d at 902-903. In this case, Kamon's and Lira's (and potentially other defendants') Fifth Amendment concerns are substantial. Both Kamon and Lira have been indicted on serious criminal charges, including wire fraud. In addition, it is undisputed that this action arises from the same core facts as the three parallel criminal actions and that the trial of this action and the three parallel criminal actions will rely on the same witnesses and much of the same evidence. As a result, if this action is not stayed, Kamon and Lira would be greatly prejudiced because they would effectively be forced to choose between relinquishing their Fifth Amendment rights in order to defend themselves in this action or invoking those rights and suffering the adverse evidentiary inferences that accompany such silence in civil litigation. *See, e.g., SEC v. Rampoldi*, 2017 WL 11421536, *2 (S.D. Cal. 2017) (granting a stay where the defendants' Fifth Amendment rights would be implicated during the civil discovery process); *see also SEC v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998) (affirming summary judgment in civil case based largely on the defendant's invocation of his Fifth Amendment rights, even when result "may seem harsh"); *Doe v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) (holding that ". . . in civil proceedings adverse inferences can be drawn from a party's invocation of this Fifth Amendment right").

Accordingly, the Court concludes that this factor weighs heavily in favor of staying this action

### B. Edelson's Interest in Proceeding Expeditiously

The second factor that the Court considers in determining whether to grant a stay is the interest of the plaintiff in proceeding expeditiously with this litigation or any particular aspect of it. *Molinaro*, 889 F.2d at 902-903. In this case, Edelson has not only stated that it does not oppose the stay so long as the entire case is stayed, but has also stated that it "agrees that there may be efficiencies to be gained by waiting for the criminal action to proceed." Plaintiff's Reply, 1:5-8. Indeed, if Kamon, Lira, and potentially other defendants invoke their Fifth Amendment rights during the discovery process while, at the same time, taking advantage of the broad scope of discovery available to them under the Federal Rules of Civil Procedure, discovery in this action could effectively be one-sided, with Edelson producing "scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the Defendants." *See SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1069 (C.D. Cal. 2008); *see also SEC v. Sripetch*, 2021 WL 165012 at *3 (S.D. Cal. 2021). In addition, Edelson believes that it "is likely to learn a great deal more information during the criminal proceedings . . . and that information may give rise to additional claims and allegations." Edelson's Reply, 3:9-13.

Accordingly, the Court concludes that this factor weighs in favor of staying this action.

### C.     The Burden on The Defendants

The third factor that the Court considers in determining whether to grant a stay is the burden that any particular aspect of the proceedings may impose on the defendants.  *Molinaro*, 889 F.2d at 902-903.  As discussed above, this civil action implicates Kamon's and Lira's Fifth Amendment rights to a substantial degree, and allowing this action to proceed in parallel with the three criminal cases would effectively force Kamon and Lira to choose between defending themselves in the civil case or preserving their Fifth Amendment rights.  Accordingly, the Court concludes that, with respect to Kamon and Lira, this action will place a heavy burden on Kamon and Lira if it is not stayed.

With respect to CAL II and the EJ Defendants, they argue that if this case is stayed before their respective Motions to Dismiss are decided, they will unfairly "remain under the shadow of [Edelson's] widely publicized allegations for an indeterminate – but surely lengthy – period of time" and that "[i]t is manifestly unfair to subject [them] to Plaintiff's scurrilous claims while the criminal cases against other co-defendants gradually wend their way toward some ultimate resolution."  CAL II's Opposition, 6:12-14 and 7:11-13; *see also* the EJ Defendants' Opposition, 3:9-15 (arguing that "the E[J] Defendants already have been subjected to the cloud and reputational harm of [Edelson's] legally inadequate RICO allegations since July 2022" and that they are entitled to a ruling on their Motion to Dismiss "as soon as practicable so that they may move on with their lives").  However, even if the Court were to grant their Motions to Dismiss, CAL II and the EJ Defendants would not necessarily be able to "move on with their lives" – one or both of the Motions to Dismiss may be granted with leave to amend and even if the motions were granted without leave to amend, Edelson would still have its right to appeal.  *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (discussing the Ninth Circuit's liberal policy favoring amendments).  Accordingly, the Court concludes that, with respect to CAL II and the EJ Defendants, this factor weighs, at best, slightly against staying this action.

When balancing the burden to all of the defendants in this action, including the Hatcher Defendants who have also sought a stay and other defendants who have neither sought nor opposed a stay, the Court concludes that the burden on the defendants factor weighs heavily in favor of staying this action.

### D.     Judicial Efficiency

The fourth factor that the Court considers in determining whether to grant a stay is the convenience of the court in the management of its cases, and the efficient use of judicial resources.  *Molinaro*, 889 F.2d at 902-903.  "[S]taying the case makes efficient use of judicial resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination."  *See Jones v. Conte*, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) (quotation marks omitted); *see also Glob. Fin. Support, Inc.*, 2016 WL 2868698, at *5 ("[A] number of courts have concluded that staying a parallel civil proceeding in its early stages may prove more efficient in the long run"); *Brock v. Tolkow*, 109 F.R.D. 116, 119-20 (E.D.N.Y. 1985) (granting a stay and noting that "the resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues").  In

addition, courts can alleviate concerns about a potentially indefinite stay by "allowing the parties to petition the Court to lift or modify the stay if there is a change in circumstances [that] warrant it." *Walsh Securities, Inc. v. Cristo Prop. Mgmt. Ltd.*, 7 F.Supp. 2d 523, 529 (D.N.J. 1998) (*citing Brock*, 109 F.R.D. at 121).

Accordingly, the Court concludes that this factor weighs heavily in favor of staying this action.

### E.     The Interest of Non-Parties and the Public

The fifth factor that the Court considers in determining whether to grant a stay is the interests of persons not parties to the civil litigation. *Molinaro*, 889 F.2d at 902-903. The sixth factor that the Court considers in determining whether to grant a stay is the interest of the public in the pending civil and criminal litigation. *Id.* In this case, there are no non-parties whose interests are directly implicated or involved in this action. In addition, "the public interest is furthered by a stay because the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Jones*, 2005 WL 1287017, at *2 (quotation marks omitted); *see also SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1073 (C.D. Cal. 2008) ("Staying the civil case, which carries only civil sanctions and monetary penalties, is not of an equally pressing nature" as a criminal case that could result in imprisonment of the criminal defendants).

Accordingly, the Court concludes that the interests of non-parties factor is minimal and the interest of the public factor weighs in favor of staying this action.

### F.     The Balancing of the Factors

Based on the foregoing, the Court concludes that a stay is warranted because of the particular circumstances of the parallel criminal and civil actions against Kamon and Lira. This case presents what the cases describe as one of the strongest cases for granting a stay – "where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Dresser Industries*, 628 F.2d at 1375–76. Most importantly, Edelson agrees that a stay is appropriate. In addition, there are no non-parties whose interests are affected by the stay, and the public interest is largely served by the parallel criminal cases. Although the Court has considered CAL II's and the EJ Defendants' argument that they will be prejudiced by a stay of this action before the Court rules on their respective Motions to Dismiss, the Court concludes that any such prejudice will be minimal and is far outweighed by the prejudice that will be suffered by Kamon, Lira, and potentially other defendants if this action is not immediately stayed.

Accordingly, after balancing all the relevant factors, the Court concludes that those factors weigh heavily in favor of immediately staying this action pending the resolution of the three parallel relevant criminal cases.

## IV.     Conclusion

For all the foregoing reasons, Kamon's Motion to Stay Proceedings, Lira's Motion to Stay Proceedings Until Resolution of the Parallel Criminal Proceeding, and the Hatcher Defendants'

Motion to Stay are **GRANTED**.  This action is stayed pending resolution of the three parallel criminal cases – the Illinois Criminal Case, the First California Criminal Case, and the Second California Criminal Case.  In light of the Court's Order staying this action, all pending motions (Docket Nos. 161, 163, 166, 167, 168, and 171) are **DENIED without prejudice** to re-filing after the stay is lifted.  Counsel for Edelson shall notify the Court when the three parallel criminal cases have been concluded.

    IT IS SO ORDERED.